IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

STRAIGHT PATH IP GROUP, INC.,

Plaintiff,

v.

VIZIO, INC., AMTRAN TECHNOLOGY CO., LTD.,
& AMTRAN LOGISTICS, INC.

Defendants.

Civil Action No. 1:13cv934

JURY TRIAL DEMANDED TSE/IDD

FILED
AUG 1 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Straight Path IP Group, Inc. ("Straight Path" or "Plaintiff"), for its Complaint against Defendants Vizio, Inc. ("Vizio"), AmTRAN Technology Co., Ltd. ("AmTRAN Technology"), and AmTRAN Logistics, Inc. ("AmTRAN LOGISTICS") (collectively, "Defendants"), hereby alleges as follows:

### PARTIES

2. Straight Path is a Delaware corporation with its principal place of business at 5300 Hickory Park Dr., Suite 218, Glen Allen, VA 23059.

3. Vizio is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 39 Tesla, Irvine, California 92618. Vizio is in the business of developing and selling electronic devices. Such devices include, but are not limited to, televisions and laptop and tablet computers.

4. AmTRAN Technology is a corporation organized and existing under the laws of Taiwan, with its principal place of business at 17f, 268, Lien Cheng Rd., 23553 New Taipei City, Taiwan. AmTRAN Technology is in the business of manufacturing, selling for importation,

offering for sale for importation, and importing into the United States certain consumer electronics with display and processing capabilities on behalf of Vizio. AmTRAN Technology maintains manufacturing facilities in China, Taiwan, and possibly other countries. AmTRAN Technology owns approximately 23% of Vizio, Inc.

5. AmTRAN Logistics is a corporation organized and existing under the laws of the state of California, with its principal place of business at 9 Goddard, Irvine, California, 92618. AmTRAN Logistics is a wholly owned subsidiary of AmTRAN Technology. AmTRAN Logistics is in the business of importing certain consumer electronics with display and processing capabilities manufactured by AmTRAN Technology on behalf of Vizio.

## NATURE OF THE ACTION

6. This is a civil action for the infringement of United States Patent No. 6,009,469 (the "'469 Patent") (attached as Exhibit A) entitled "Graphic User Interface for Internet Telephony Application," United States Patent No. 6,108,704 (the "'704 Patent") (attached as Exhibit B) entitled "Point-to-Point Protocol," and United States Patent No. 6,131,121 (the "'121 Patent) (attached as Exhibit C) entitled "Point-to-Point Computer Network Communication Utility Utilizing Dynamically Assigned Network Protocol Addresses" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

7. This action involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in point-to-point network communications devices and products containing same, including, for example but without limitation, smartphone handsets, tablet computers, smart TVs, Blu-ray players and set-top boxes, that infringe one or more of the claims of the Patents-in-Suit.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 1, et seq.

9. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia because Defendants regularly transact business in this judicial district by, among other things, offering Defendants' products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendants have committed acts of direct infringement of one or more of the claims of one or more of the Patents-in-Suit in this judicial district.

10. Venue in this district is proper under 28 U.S.C. § 1400(b) and 1391(b) and (c), because the Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## FACTUAL BACKGROUND

11. Plaintiff Straight Path is the lawful assignee of all right, title and interest in and to the Patents-in-Suit.

12. All maintenance fees for the Patents-in-Suit have been timely paid, and there are no fees currently due.

## COUNT I
### (Defendants' Infringement of the '469 Patent)

13. Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

14. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or that employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe,

literally and/or under the doctrine of equivalents, claims of the '469 Patent, including at least Claims 1, 2, 3, 9, 10, 17 and 18.

15. Such infringing devices include consumer electronics and display devices, including but not limited to, certain of Defendants' point-to-point network communications devices and products containing same, including, for example but without limitation, the Vizio E420i-A1 Television (which encompasses all Vizio Smart TVs, including but not limited to model numbers E500I-A1, E241I-A1W, E291I-A1, E650I-A2, E390I-A1; E550I-A0; E551D-A0, E241I-A1, E551I-A2, E500D-A0, E500I-A0, E420D-A0, E470I-A0, E401I-A2, E420I-A0, E502AR, E701I-A3, E320I-A2, E601I-A3, E42OI-A1, E320I-A0, M3D550KDK), as well as others of Defendants' smartphone handsets, tablet computers, smart TVs, Blu-ray players and set-top boxes.

16. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '469 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '469 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

17. Defendants have also contributed to the infringement by others, including the end users of infringing consumer electronics and display devices, and continue to contribute to

infringement by others, by selling, offering to sell, and importing the infringing consumer electronics and display devices into the United States, knowing that those products constitute a material part of the inventions of the '469 Patent, knowing those products to be especially made or adapted to infringe the '469 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

18. Defendants have had knowledge of and notice of the '469 Patent and its infringement since at least, and through, the filing and service of this Complaint and, despite this knowledge, continue to commit tortious conduct by way of patent infringement.

19. Defendants have been and continue to be infringing one or more of the claims of the '469 Patent through the aforesaid acts.

20. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II
### (Defendants' Infringement of the '704 Patent)

21. Paragraphs 1 through 20 are incorporated by reference as if fully restated herein.

22. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or that employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, claims of the '704 Patent, including at least Claims 1, 11, 12, 19, 22, 23, and 30.

23. Such infringing devices include consumer electronics and display devices, including but not limited to, certain of Defendants' point-to-point network communications devices and products containing same, including, for example but without limitation, the Vizio

E420i-A1 Television (which encompasses all Vizio Smart TVs, including but not limited to model numbers E500I-A1, E241I-A1W, E291I-A1, E650I-A2, E390I-A1; E550I-A0; E551D-A0, E241I-A1, E551I-A2, E500D-A0, E500I-A0, E420D-A0, E470I-A0, E401I-A2, E420I-A0, E502AR, E701I-A3, E320I-A2, E601I-A3, E42OI-A1, E320I-A0, M3D550KDK), as well as others of Defendants' smartphone handsets, tablet computers, smart TVs, Blu-ray players and set-top boxes.

24. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '704 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '704 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

25. Defendants have also contributed to the infringement by others, including the end users of infringing consumer electronics and display devices, and continue to contribute to infringement by others, by selling, offering to sell, and importing the infringing consumer electronics and display devices into the United States, knowing that those products constitute a material part of the inventions of the '704 Patent, knowing those products to be especially made or adapted to infringe the '704 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

26.     Defendants have had knowledge of and notice of the '704 Patent and its infringement since at least, and through, the filing and service of this Complaint and, despite this knowledge, continue to commit tortious conduct by way of patent infringement.

27.     Defendants have been and continue to be infringing one or more of the claims of the '704 Patent through the aforesaid acts.

28.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III
### (Defendants' Infringement of the '121 Patent)

29.     Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or that employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, claims of the '121 Patent, including at least Claims 6 and 13.

31.     Such infringing devices include consumer electronics and display devices, including but not limited to, certain of Defendants' point-to-point network communications devices and products containing same, including, for example but without limitation, the Vizio E420i-A1 Television (which encompasses all Vizio Smart TVs, including but not limited to model numbers E500I-A1, E241I-A1W, E291I-A1, E650I-A2, E390I-A1; E550I-A0; E551D-A0, E241I-A1, E551I-A2, E500D-A0, E500I-A0, E420D-A0, E470I-A0, E401I-A2, E420I-A0, E502AR, E701I-A3, E320I-A2, E601I-A3, E42OI-A1, E320I-A0, M3D550KDK), as well as

others of Defendants' smartphone handsets, tablet computers, smart TVs, Blu-ray players and set-top boxes.

32. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '121 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '121 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

33. Defendants have also contributed to the infringement by others, including the end users of infringing consumer electronics and display devices, and continue to contribute to infringement by others, by selling, offering to sell, and importing the infringing consumer electronics and display devices into the United States, knowing that those products constitute a material part of the inventions of the '121 Patent, knowing those products to be especially made or adapted to infringe the '121 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

34. Defendants have had knowledge of and notice of the '121 Patent and its infringement since at least, and through, the filing and service of this Complaint and, despite this knowledge, continue to commit tortious conduct by way of patent infringement.

35. Defendants have been and continues to be infringing one or more of the claims of the '121 Patent through the aforesaid acts.

36. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Straight Path IP Group, Inc., respectfully requests the following relief:

a) A judgment that Defendants have infringed the '469 Patent;

b) A judgment that Defendants have infringed the '704 Patent;

c) A judgment that Defendants have infringed the '121 Patent;

d) A judgment that awards Straight Path all appropriate damages under 35 U.S.C. § 284 for the Defendants' past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Straight Path for Defendants' infringement; and

e) An adjudication:

    i. that this case is exceptional within the meaning of 35 U.S.C. § 285;

    ii. that Straight Path be awarded the attorneys' fees, costs, and expenses it incurs in prosecuting this action; and

    iii. that Straight Path be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Straight Path hereby demands trial by jury on all claims and issues so triable.

DATED: August 1, 2013

Respectfully submitted,

*[signature]*

Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB #45956)
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

OF COUNSEL:

Michael T. Renaud – LEAD ATTORNEY
James M. Wodarski
Michael J. McNamara
Michael C. Newman
Sandra J. Badin
Robert J. L. Moore
Dominik R. Rabiej
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

mtrenaud@mintz.com
jwodarski@mintz.com
mmcnamara@mintz.com
mcnewman@mintz.com
sjbadin@mintz.com
rjmoore@mintz.com
drrabiej@mintz.com

*Counsel for Plaintiff*
*Straight Path IP Group, Inc.*