IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br> v. <br> VIZIO, INC., et al., <br><br> Defendants. | Civil Action No. 1:13CV934 |
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br> v. <br> SONY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 1:13cv1071 <br> **CONSOLIDATED UNDER 1:13CV934** |

### SONY DEFENDANTS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO STAY

Defendants Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Sony Mobile Communications AB, Sony Mobile Communications (USA) Inc., Sony Computer Entertainment, Inc., and Sony Computer Entertainment America LLC (collectively "Sony")[1] move this Court to stay the claims of Straight Path IP Group, Inc. (Straight Path") in *Straight*

---

[1] On August 23, 2013, Straight Path filed an amended complaint that named Sony Computer Entertainment, Inc. and Sony Ericsson Mobile Communications (USA) Inc. as additional defendants. However, Sony Computer Entertainment, Inc. no longer exists, as it was merged into moving defendant Sony Computer Entertainment America LLC on April 1, 2010. Likewise, Sony Ericsson Mobile Communications (USA) Inc. is the former name of moving defendant Sony Mobile Communications (USA) Inc. The change was effective as of February 27, 2012. Sony has requested that Straight Path dismiss Sony Computer Entertainment, Inc. and Sony Ericsson Mobile Communications (USA) Inc. pursuant to Rule 41(a)(1).

*Path IP Group, Inc. v. Sony Corporation, et al.,* Civil Action No. 1:13cv1071 [formerly No 2:13cv427], pursuant to 28 U.S.C. §1659(a), pending the resolution of proceedings between the parties in the International Trade Commission ("ITC").

In this action (the "Virginia Action"), Straight Path alleges that Sony consumer electronics products, including, without limitation, smartphone handsets, tablet computers, e-readers, computers, smart TVs, Blu-ray players, gaming devices, set-top boxes, and VoIP phone systems, infringe U.S. Patent No. 6,009,469 (the "'469 Patent") entitled "Graphic User Interface for Internet Telephony Application," U.S. Patent No. 6,108,704 (the "'704 Patent") entitled "Point-to-Point Protocol," and U.S. Patent No. 6,131,121 (the ''121 Patent") entitled "Point-to-Point Computer Network Communication Utility Utilizing Dynamically Assigned Network Protocol Addresses" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, et seq.

On or about August 1, 2013, Straight Path filed a Complaint (Exhibit A) in support of its request that the ITC commence an investigation pursuant to Section 337 of the Tariff Act of 1930 as amended, 19 U.S.C. § 1337. Straight Path's ITC Complaint asserts the same three patents (i.e., the '469 patent, the '704 patent, and the '121 patent) that Straight Path asserts in the Virginia Action. Straight Path's ITC Complaint requests that the ITC bar the importation of the same Sony products that Straight Path accuses of infringement in the Virginia Action (i.e., "certain point to point network communications devices and products" including without limitation, smartphone handsets, tablet computers, computers, smart TVs, Blu-ray players, gaming devices, set-top boxes, and VoIP phone systems). On September 3, 2013, the ITC instituted the requested investigation as ITC investigation No. 337-TA-892 entitled "Certain Point-to-Point Network Communication Devices and Products Containing Same."

The governing statute, 28 U.S.C. § 1659, prescribes an automatic stay of all civil actions "involving parties that are also parties to a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930" provided that a party to the civil action that is also a named respondent in the ITC proceeding makes such a request within the prescribed period of time. *See* 28 U.S.C. § 1659(a). This Motion is being filed within 30 days of the institution of the ITC proceeding and is therefore timely.

The automatic stay applies to any claim that "involves the same issues involved in the proceeding before the Commission." *Id.*; *see also Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006). Because the Virginia Action and the ITC investigation indisputably involve the same claims of patent infringement against the same Sony products, Sony requests that the Court stay the Virginia Action in full.

Counsel for Straight Path has endorsed the Proposed Order filed with this Motion. Accordingly, pursuant to 28 U.S.C. § 1659, Sony respectfully requests that this Court stay the Virginia Action.

Respectfully submitted,

WOLF GREENFIELD & SACKS, P.C.,

/s/ Allen S. Rugg
Allen S. Rugg (Va. Bar # 15481)
arugg@wolfgreenfield.com

OF COUNSEL:
Michael N. Rader (BBO #646990)
Charles T. Steenburg (BBO #663314)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel: 617-646-8000
mrader@wolfgreenfield.com
csteenburg@wolfgreenfield.com

*Counsel for Defendants Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Sony Mobile Communications AB, Sony Mobile Communications (USA) Inc., Sony Computer Entertainment, Inc., and Sony Computer Entertainment America LLC*

Dated:  September 25, 2013