IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC. | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:13-cv-01070-AJT |
| | ) |
| v. | ) CONSOLIDATED UNDER 1:13-cv-00934 |
| | ) |
| TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | |

## DEFENDANT TOSHIBA CORPORATION'S ANSWER, AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant Toshiba Corporation ("Toshiba") hereby sets forth its Answer and Affirmative Defenses to Plaintiff Straight Path IP Group, Inc.'s ("Straight Path") Complaint for Patent Infringement. Unless specifically admitted below, Toshiba denies each and every allegation in the Complaint, whether express or implied. Toshiba further denies that Straight Path is entitled to the requested relief or any other relief.

1. Paragraph 1 of the Complaint is an introductory paragraph and requires no response. To the extent that any response is required, Toshiba admits that Straight Path filed this Complaint against Toshiba. Toshiba denies that Straight Path should be granted any requested relief.

## PARTIES

2. Toshiba is without sufficient information or belief to admit or deny the allegations of paragraph 2 of the Complaint and, on that basis, denies them.

1

3. Toshiba admits that it is a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan. Toshiba admits that it sells tablet computers, smart TVs, Blu-ray players, and VoIP phone systems. Toshiba objects to the terms "point-to-point network communications devices and products containing same," "selling . . . for importation," "computers," "gaming devices," and "set-top boxes" as vague. At least because of Straight Path's use of these vague terms, Toshiba is without sufficient information or belief to admit or deny the allegations of paragraph 3 of the Complaint and, on that basis, denies them. Except as specifically admitted, Toshiba denies the remaining allegations of paragraph 3 of the Complaint.

4. Toshiba admits that Toshiba America, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1251 Avenue of the Americas, Ste. 4110, New York, New York 10020. Toshiba admits that Toshiba America Inc. is a wholly owned subsidiary of Toshiba. Except as specifically admitted, Toshiba is without sufficient information or belief to admit or deny the remaining allegations of paragraph 4 of the Complaint and, on that basis, denies them.

5. Toshiba is without sufficient information or belief to admit or deny the allegations of paragraph 5 of the Complaint and, on that basis, denies them.

## NATURE OF THE ACTION

6. Toshiba admits that this is a civil action. Toshiba admits that the cover page of United States Patent No. 6,009,469 (the "'469 patent") is entitled "Graphic User Interface for Internet Telephony Application," and that a copy of that patent appears to be attached to the Complaint. Toshiba denies that the cover page of United States Patent No. 6,108,704 (the "'704 patent") is entitled "Point-to-Point Protocol," but admits that a copy of the '704 patent appears to

be attached to the Complaint. Toshiba admits that the cover page of United States Patent No. 6,131,121 (the "'121 patent") is entitled "Point-to-Point Computer Network Communication Utility Utilizing Dynamically Assigned Network Protocol Addresses," and that a copy of that patent appears to be attached to the Complaint.[1] Toshiba admits that Straight Path brings this action for patent infringement against Toshiba under 35 U.S.C. §§ 1 *et seq*. Except as specifically admitted, Toshiba denies the remaining allegations of paragraph 6 of the Complaint.

  7.  Toshiba denies the allegations of paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

  8.  Toshiba admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Toshiba admits that this action arises under the patent laws of the United States, including 35 U.S.C. §§ 1 *et seq*. Toshiba denies the remaining allegations of paragraph 8 of the Complaint.

  9.  Solely for the purposes of this specific action, Toshiba submits to personal jurisdiction within the Eastern District of Virginia. Toshiba denies the remaining allegations of paragraph 9 of the Complaint.

  10.  Solely for the purposes of this specific action, Toshiba does not contest that Eastern District of Virginia is a proper venue. Toshiba denies the remaining allegations of paragraph 10 of the Complaint.

## FACTUAL BACKGROUND

  11.  Toshiba is without sufficient information or belief to admit or deny the allegations of paragraph 11 of the Complaint and, on that basis, denies them.

---

[1] The '469 patent, the '704 patent, and the '121 patent are collectively referred to as the "patents-in-suit"

12. Toshiba is without sufficient information or belief to admit or deny the allegations of paragraph 12 of the Complaint and, on that basis, denies them.

## COUNT I
### (Alleged Infringement of the '469 Patent)

13. Toshiba incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

14. Toshiba denies the allegations of paragraph 14 of the Complaint.

15. Toshiba denies the allegations of paragraph 15 of the Complaint.

16. Toshiba denies the allegations of paragraph 16 of the Complaint.

17. Toshiba denies the allegations of paragraph 17 of the Complaint.

18. Toshiba admits that it has known of the '469 patent since sometime after the filing of the Complaint. Toshiba denies that the Complaint was properly served on Toshiba. Toshiba is without sufficient information or belief to admit or deny the allegations of paragraph 18 of the Complaint about Toshiba American Information Systems, Inc. and Toshiba America, Inc.'s knowledge of and notice of the '469 patent and, on that basis, denies them. Toshiba denies the remaining allegations of paragraph 18 of the Complaint.

19. Toshiba denies the allegations of paragraph 19 of the Complaint.

20. Toshiba denies the allegations of paragraph 20 of the Complaint.

## COUNT II
### (Alleged Infringement of the '704 Patent)

21. Toshiba incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

22. Toshiba denies the allegations of paragraph 22 of the Complaint.

23. Toshiba denies the allegations of paragraph 23 of the Complaint.

24. Toshiba denies the allegations of paragraph 24 of the Complaint.

25. Toshiba denies the allegations of paragraph 25 of the Complaint.

26. Toshiba admits that it has known of the '704 patent since sometime after the filing of the Complaint. Toshiba denies that the Complaint was properly served on Toshiba. Toshiba is without sufficient information or belief to admit or deny the allegations of paragraph 26 of the Complaint about Toshiba America Information Systems, Inc.'s and Toshiba America, Inc.'s knowledge of and notice of the '704 patent and, on that basis, denies them. Toshiba denies the remaining allegations of paragraph 26 of the Complaint.

27. Toshiba denies the allegations of paragraph 27 of the Complaint.

28. Toshiba denies the allegations of paragraph 28 of the Complaint.

### COUNT III
### (Alleged Infringement of the '121 Patent)

29. Toshiba incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. Toshiba denies the allegations of paragraph 30 of the Complaint.

31. Toshiba denies the allegations of paragraph 31 of the Complaint.

32. Toshiba denies the allegations of paragraph 32 of the Complaint.

33. Toshiba denies the allegations of paragraph 33 of the Complaint.

34. Toshiba admits that it has known of the '121 patent since sometime after the filing of the Complaint. Toshiba denies that the Complaint was properly served on Toshiba. Toshiba is without sufficient information or belief to admit or deny the allegations of paragraph 34 of the Complaint about Toshiba America Information Systems, Inc.'s and Toshiba America, Inc.'s knowledge of and notice of the '121 patent and, on that basis, denies them. Toshiba denies the remaining allegations of paragraph 34 of the Complaint.

35. Toshiba denies the allegations of paragraph 35 of the Complaint.

36. Toshiba denies the allegations of paragraph 36 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

37. The Prayer for Relief requires no response. To the extent any response is required, Toshiba denies that Straight Path is entitled to any relief in this action.

## GENERAL DENIAL

38. To the extent that any allegation in the Complaint is not specifically admitted, Toshiba denies it.

## AFFIRMATIVE DEFENSES

39. By alleging the Affirmative Defenses set forth below, Toshiba does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. Toshiba alleges that Straight Path's claims are barred in whole or in part by the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
(Non-Infringement of the Patents-In-Suit)

40. Toshiba has not engaged in any act that constitutes direct or indirect infringement of any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
(Invalidity of the Patents-In-Suit)

41. The claims of the patents-in-suit are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

42. Straight Path is estopped from construing any valid claim of the patents-in-suit to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Toshiba in view of prior art and/or because of admissions, representations, and/or statements made to the United States Patent and Trademark Office during prosecution of any application leading to the issuance of any patent-in-suit or any related patent or during reexamination or *inter partes* review of any patent-in-suit, because of disclosure or language in the specification of the patents-in-suit and any related patent, and/or because of limitations in the claims of the patents-in-suit.

### FOURTH AFFIRMATIVE DEFENSE
(Laches, Equitable Estoppel, Waiver)

43. Straight Path is barred in whole or in part from recovery of damages for alleged infringement of the patents-in-suit by the doctrine of laches, equitable estoppel, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE
(Limitation on Damages)

44. Straight Path's claims for damages for infringement of the patents-in-suit are limited pursuant to 35 U.S.C. § 286 and for failure to comply with the marking requirements of 35 U.S.C. § 287 by Straight Path, prior owners of any patent-in-suit, and/or past or present licensees of any patent-in-suit.

### SIXTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

45. Straight Path is not entitled to injunctive relief because any alleged injury to Straight Path is not immediate and irreparable, Straight Path has not suffered and will not suffer irreparable harm, and Straight Path has an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

46. The Complaint fails to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE
**(No Exceptional Case)**

47. Straight Path cannot prove that this is an exceptional case that justifies an award of attorney fees against Toshiba pursuant to 35 U.S.C. § 285.

### NINTH AFFIRMATIVE DEFENSE
**(Failure of Service)**

48. Straight Path's claims should be dismissed due to its failure to serve Toshiba with the Complaint.

### TENTH AFFIRMATIVE DEFENSE
**(Reservation of Defenses)**

49. Toshiba reserves the right to assert additional defenses which become apparent during discovery, including, but not limited to, the defenses of unclean hands, patent misuse, license, implied license, patent exhaustion, intervening rights, and inequitable conduct.

### PRAYER FOR RELIEF

WHEREFORE, Toshiba prays for judgment that:

A. the claims of the '469 patent are invalid;

B. the claims of the '704 patent are invalid;

C. the claims of the '121 patent are invalid;

D. Toshiba has not infringed and is not infringing under any theory any valid claim of the '469 patent that may be enforceable;

E. Toshiba has not infringed and is not infringing under any theory any valid claim of the '704 patent that may be enforceable;

F. Toshiba has not infringed and is not infringing under any theory any valid claim of the '121 patent that may be enforceable;

G. the claims of Straight Path's Complaint be dismissed with prejudice;

H. Straight Path be denied any and all relief, including injunction, and take nothing from its Complaint;

I. the Court find that this case is an exceptional case under 35 U.S.C. § 285, and that Straight Path be required to pay costs of suit incurred, including attorneys' fees, expenses, and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

J. Toshiba be awarded such other and further relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Toshiba hereby demands trial by jury for all issues so triable.

DATE: July 9, 2014

Respectfully submitted,

/s/ S. Lloyd Smith
S. Lloyd Smith (Va. Bar #85119)
lloyd.smith@bipc.com
Buchanan Ingersoll & Rooney PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
Telephone: (703) 836 6620

Clint Conner (admitted *pro hac vice*)
conner.clint@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street
Minneapolis, MN 55402-4929
Telephone: (612) 492- 6723

Jeffrey Huang (admitted *pro hac vice*)
huang.jeffrey@dorsey.com
Mudit Kakar, Ph.D. (admitted *pro hac vice*)
kakar.mudit@dorsey.com
David Tseng (admitted *pro hac vice*)
tseng.david@dorsey.com
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8891

*Counsel for Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of July, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NFE) to all counsel of record.

      /s/ S. Lloyd Smith
      S. Lloyd Smith (Va. Bar #85119)
      lloyd.smith@bipc.com
      Buchanan Ingersoll & Rooney PC
      1737 King Street, Suite 500
      Alexandria, VA 22314-2727
      Telephone: (703) 836 6620