**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC.<br><br>         Plaintiff,<br><br>    v.<br><br>VIZIO, INC., *et al.*,<br><br>         Defendants. | Civil Action No. 1:13-cv-934 (AJT/IDD) |

**PLAINTIFF STRAIGHT PATH IP GROUP, INC.'S OPPOSITION
TO HULU, LLC'S MOTION TO INTERVENE PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 24**

**I.      Introduction**

Hulu seeks to intervene in this case under the guise that "Straight Path has accused, in part, the Hulu application available on certain LG, Toshiba, and VIZIO[1] devices." (Dkt. 125 at 1.)  What Hulu really seeks, however, is for the Eastern District of Virginia to adjudicate a similarly postured case that has been pending against Samsung[2] in the Eastern District of Texas for over a year—a case in which Hulu has not sought to intervene.  *See* Case No 6:13-cv-606 (the "Samsung Case").  Hulu admits it seeks to expand this case to encompass the currently-pending Samsung Case. (*See* Dkt. No. 125 at 7 ("Hulu has significantly broader interests than the existing parties because Hulu is concerned with the entirety of its partner and customer base.").) Hulu also claims that Samsung is one of Hulu's "two most significant…partners." (Dkt. 125 at 9.)  Hulu's interest in the Samsung Case is therefore greater than its interest in this case, but Hulu

---

[1] Straight Path adopts the same abbreviations as Hulu's Motion to Intervene: (1) "Hulu" means "Hulu, LLC"; (2) "LG" means LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc.; (3) "Toshiba" means Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.; (4) "VIZIO" means "VIZIO, Inc.; and (5) "Straight Path" means "Straight Path IP Group, Inc."

[2] Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC are collectively referred to as "Samsung."

1

chose to intervene here, and has no plans to intervene in the Samsung Case. (Declaration of

Michael C. Newman ("Newman Decl.") (attached hereto as Attachment 1) at ¶ 17.)

Hulu has no right to intervene here. First, Hulu fails to prove that it has a direct and

substantial interest in this case. While Hulu states that there are certain indemnification

obligations between Hulu, LG, Toshiba and VIZIO, Hulu does not include a single

indemnification agreement to support its motion. Nor does Hulu claim that it has an obligation

to indemnify or defend any Defendant with respect to the claims at issue in this case.

Second, Hulu fails to prove that any interest it has would be impaired if intervention is

not allowed. Hulu supports this factor with only passing mention in a single conclusory

paragraph that is based on attorney argument, not evidence, regarding what "may" happen as a

result of this litigation. (Dkt. 125 at 6.) This is legally insufficient to support the required strong

showing of practical impairment. *In re City of Phila. Litig.*, 1986 U.S. Dist. LEXIS 22273, at *6

(E.D. Pa. Jul. 25, 1986).

Third, Hulu also fails to prove that its interests are inadequately represented by the

existing parties. Hulu admits that "Hulu seeks the same result as its partners." (Dkt. 125 at 7.)

This raises the presumption that its interests are adequately represented, a presumption that is

rebuttable only by a showing of adversity of interest, collusion, or nonfeasance. Hulu does not

allege adversity of interest or collusion, and brings little evidence to support its claim that Hulu

is in a better position to defend. LG, VIZIO, and Toshiba are large sophisticated technology

companies who undoubtedly understand how their products use Hulu's technology. Hulu

provides no evidence that Defendants cannot explain how their products incorporate Hulu's

technology, or that Defendants do not modify the Hulu technology. Hulu's claim of inadequate

representation is also belied by the fact it has not intervened in the Samsung Case. Hulu has not described why its interests are adequately represented there, but not here.

Finally, some of Hulu's expansive claims, such as the ones that cover Samsung products, are not timely. Hulu has known of Straight Path's allegations against Samsung for the good part of a year, but has chosen not to intervene. This court should therefore exercise its discretion to find that these broader claims are untimely. For these reasons, Hulu has no right to intervene.

Where a party has no right to intervene, a court can still grant permissive intervention to a party with a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). But Hulu's Complaint in Intervention goes far beyond these shared objectives, and therefore Hulu should not be permitted to intervene. Hulu seeks to "significantly broade[n]" this case by requesting "a declaration that all Hulu technology, independent of LG, Toshiba, and VIZIO's devices, does not infringe the three patents-in-suit." (Dkt. 125 at 8; *see also* Dkt. 125 Attachment 1 (Proposed Complaint in Intervention) at ¶¶ 14, 19, and 24; Requests for Relief (a), (c), and (e).) Not only has Hulu offered no evidence that these broadened claims share a common question of fact, such expansive claims would necessarily cause undue delay and prejudice—a factor that must be considered before permissive intervention is allowed. *See* Fed. R. Civ. P. 24(b)(3).

The delay and prejudice here is real. There could be scores of unrelated Hulu products, each with different versions. These unrelated products could be used on hundreds, if not thousands of devices fielded by companies that are not parties to this case. If this court chooses to adjudicate whether those non-parties infringe, then those non-parties may then have cause to intervene, ballooning this case exponentially. That is, if this Court is to decide whether or not Samsung Infringes Straight Path's patents, which is what Hulu contemplates, one would expect

3

Samsung to intervene.  Add to that the potential intervention of all the other third-party App developers that Straight Path identified, and all of their customers and all of their customer's products, and this case will quickly become impossible.  Therefore the Court should deny Hulu's request for permissive intervention.  For the same reasons, if Hulu is allowed to intervene, as of right or by permission, its intervention should be strictly limited to Defendants' use of Hulu technology.

## II.      Relevant Factual Background

### a.  Straight Path's Claims Against Defendants

Straight Path's Asserted Patents claim a protocol and interface for establishing point-to-point connections over a computer network, such as the internet.  By establishing these point-to-point connections, Defendants LG's, Toshiba's, and VIZIO's devices can more efficiently perform tasks such as streaming audio and video content, conducting telephone calls, and playing video games.

The claims of the Asserted Patents are drawn to "a computer usable medium having program code embedded in the medium." *See e.g.*, '704 Patent at 11:7-8 (Dkt. 1, Attachment 2.) LG's, Toshiba's, and VIZIO's networked devices, such as TVs, Blu-ray player, laptops, smartphones, and tablets infringe the Asserted Patents when certain program code is embedded in the devices to enable the claimed point-to-point network communications.  This infringement by LG, Toshiba and VIZIO can be demonstrated through any one of a myriad of software applications ("Apps") provided by various third-parties.  Straight Path has identified over a dozen such Apps provided to Defendants by at least ten separate third-parties. (Newman Decl. ¶ 4.)

Straight Path filed its complaints against LG, Toshiba, and VIZIO in early August 2013. *See* Dkt. 1 of 1:13-cv-00933; Dkt. 1 of 1:13-cv-934; Dkt. 1 of 1:13-cv-1070.  In October and

November 2013, the Court entered orders staying all three actions pursuant to 28 U.S.C. § 1659 in light of Straight Path's parallel Investigation against LG, Toshiba, VIZIO, and others before the International Trade Commission. *See* Dkt. 7 of 1:13-cv-933; Dkt. 45 of 1:13-cv-934.  The stay in the Toshiba and VIZIO actions was lifted on June 18, 2014, and the stay in the LG action was lifted on June 30, 2014.  *See* Dkt. 22 of 1:13-cv-933; Dkt. 56 of 1:13-cv-934.

In Straight Path's parallel ITC action, it accused Respondents LG, Toshiba, and VIZIO, along with various other parties, of infringing the same Asserted Patents. *See* Inv. No. 337-TA-892, *Certain Point-to-Point Network Commc'n Devices and Prods. Containing the Same* ("ITC Investigation"). In its ITC complaint, Straight Path alleged that it could demonstrate the Respondents' infringement through their incorporation of various third-party Apps. (*See* Newman Decl. ¶¶ 6 - 8.)  The relevant third-parties were issued subpoenas.  (*See* Newman Decl., Exs. 1 & 2 (relevant portions of ITC Subpoenas to Google, Inc., and Netflix, Inc.).)  No third-party moved to intervene in the ITC Investigation.

Straight Path also simultaneously filed complaints against Blackberry, Huawei, Samsung, and ZTE in the United States District Court for the Eastern District of Texas. *See* E.D. Tex. Case Nos. 6:13-cv-604, 6:13-cv-605, 6:13-cv-606, and 6:13-cv-607 (collectively the "Texas Actions"). Again, Straight Path alleged that it could demonstrate infringement by the defendants in the Texas Actions through their incorporation of various third-party Apps, including at least YouTube, Google Talk, Netflix, and Hulu Plus.  (*Id*.)  In March 2014, Straight Path subpoenaed the third-party App developers identified in the Texas Actions, including Hulu, for information related to these allegations.  (*See* Newman Decl., Exs. 3-5 (relevant portions of E.D. Tex. Subpoenas to Google, Inc., Netflix, Inc. and Hulu, LLC).)  The Texas Actions have been pending for over a year.  Neither Hulu, nor any other third-party, has moved to intervene in the Texas

Actions.  Fact discovery is now drawing to a close in Texas and expert reports are due on

December 19, 2014 in those actions.  (*See* Case No. 6:13-cv-604, *Straight Path IP Grp., Inc. v.*

*BlackBerry Ltd. et al.,* (E.D. Tex.), Dkt. No. 115 (Fifth Amended Docket Control Order)).

### b.  Hulu's Strategic Decision To Seek Intervention In This Case

Straight Path has not accused Hulu of infringing the Asserted Patents.  (Newman Decl.

¶ 3.)  It has not sent Hulu a cease and desist letter, or otherwise informed Hulu that Straight Path

believes Hulu infringes Straight Path's patents. (*Id.*)  Despite that Hulu has been involved as a

third-party in the Texas Actions since January, Hulu did not move to intervene in the Texas

Actions.   Hulu's counsel has informed Straight Path that Hulu has no plans to intervene in the

Texas Actions. (Newman Decl.  ¶ 17.)

On September 25, 2014, however, Hulu declared its intention to seek intervention in the

cases in this District.  (*See* Newman Decl., Ex. 8, September 25, 2014 5:44 PM email from A.

Ramani, Esq. to M. Renaud, Esq.)  During the meet and confer process, Straight Path sought to

secure Hulu's agreement that the scope of the intervention would be limited to Hulu technology

used by Defendants in this case.  (*See* Newman Decl., Ex. 6 (September 29, 2014 8:44 PM email

from M. McNamara, Esq. to A. Ramani, Esq.).)  Hulu, however, declined to so agree.  (*See*

Newman Decl. Ex. 9 (September 30, 2014 4:15 PM email from A. Ramani, Esq. to M.

McNamara, Esq.).)

Hulu's proposed Complaint in Intervention confirms that Hulu seeks to significantly

broaden the scope of the case to include products and claims that are not presently before this

Court.  Specifically, Hulu seeks a declaratory judgment that all Hulu products used by all Hulu

partners across all devices do not infringe Straight Path's patents. (Dkt. No. 125, Attachment 1

(Complaint in Intervention)). To ascertain just how much bigger this case will become with

Hulu's intervention, Straight Path requested from Hulu the following information: (1) A list of all Hulu products ("Hulu Products"); (2) A list of all companies with which Hulu has entered into an agreement regarding Hulu Products, or that to Hulu's knowledge, incorporate Hulu Products on their devices ("Hulu Partners"); (3) For each Hulu Partner, a list of all products onto which any Hulu Product is preloaded ("Partner Products"); (4) For each Partner Product, which version of each Hulu Product is preloaded; (5) Any indemnification agreements between Hulu and any Hulu Partner; (6) Any agreements between Hulu and any Hulu Partner that prevent Hulu Partners from modifying Hulu Products. (*See* Newman Decl., Ex. 7, October 7, 2014 6:33 PM email from M. Newman, Esq. to A. Ramani, Esq.).  Hulu has not yet furnished this information. (Newman Decl. ¶ 15).

That Hulu would substantially increase the scope of this case is also confirmed by its proposed Complaint in Intervention.  As Hulu itself admits in its Brief in support of its Motion to Intervene, its proposed Complaint in Intervention is "significantly broader" than the claims currently pending against Defendants in this case. (Dkt. 125 at 7.)  For example, claims in ¶¶ 14, 19, and 24 of Hulu's Complaint in Intervention would have this Court adjudicate a dispute between Straight Path and Samsung that is pending in a sister court in the Eastern District of Texas—a case in which Hulu has not intervened.  (Dkt. 125 at Attachment 1 (Complaint in Intervention).)  Hulu has known, or should have known of these broader claims back in January 2014, and certainly no later than March of 2014 when Straight Path subpoenaed Hulu for information related to the Defendants in the Texas Actions.   As explained below, Hulu does not have a right to intervene in this case.  Nor should Hulu be allowed to intervene permissively.

### III.      Argument

The American adversary system of litigation reposes great discretion in the plaintiff to structure its litigation. *Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 684 (Fed. Cl. 2006). In two limited circumstances, however, an absentee can intervene to override the structure preferred by plaintiff. First, an applicant can intervene as of right when the party seeking intervention "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Second, if intervention of right is not warranted, a court may still allow an applicant to intervene permissively under Rule 24(b), although in that case the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In either case, the court may limit the scope of intervention to prevent undue disruption. *See Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 352-53 (5th Cir. 1997) ("It is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right."); *see also Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992) ("When granting an application for permissive intervention, a federal district court is able to impose almost any condition.").

Hulu has not carried, and cannot carry, its burden to prove it has a right to intervene in this case. Nor should Hulu be allowed to intervene permissively. If, however, Hulu is allowed to intervene, whether as of right or permissively, the Court should exercise its discretion to strictly limit the scope of Hulu's intervention to the functionality already at issue on Defendants' products. Otherwise, Hulu's intervention will significantly expand the scope of the case at bar

8

and will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ.

P. 24(b)(3); *see also United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1396 (10th Cir. 2009)

("[I]ntervention as of right may be subject to appropriate conditions or restrictions responsive

among other things to the requirements of efficient conduct of the proceedings.").

### a.      Hulu Does Not Have A Right To Intervene.

A non-party seeking to intervene must prove that:  (1)  it timely moved to intervene; (2)

it has a "direct and substantial interest" in the property or transaction at issue in the case; (3) such

interest would be impaired if intervention is not allowed; and (4) such interest is inadequately

represented by existing parties.  *In re Richman*, 104 F.3d 654, 659 (4th Cir. 1997); *see also*

*Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).   The district court has

reasonable discretion to determine whether these requirements of Rule 24(a)(2) have been met.

*Virginia v. Westinghouse Elec. Corp.*, 542 F.2d at 216.  If the applicant fails to prove any one of

these four requirements, the applicant is not entitled to intervene as of right.  *United States ex rel.*

*MPA Const., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004) (*citing In re*

*Richman*, 104 F.3d 654, 658 (4th Cir. 1997)).  Hulu fails to prove these elements.

### i.      Hulu does not have a direct and substantial interest in the case.

Hulu has not shown that it has a "direct and substantial interest" in the case.  Hulu argues

that "it has contracts with defendants LG, Toshiba, and VIZIO that provide for certain indemnity

and defense obligations with respect to proprietary Hulu software." (Dkt. 125 at 5.)  It states that

"Hulu has agreed to defend VIZIO and LG…and has also agreed to assist Toshiba as to claims

related to Hulu functionality." (*Id.*)  Tellingly, Hulu did not include any indemnification

agreements to support its motion.  Nor does Hulu claim that it has an obligation to indemnify or

defend any Defendant ***with respect to the claims at issue in this case***.  Because Hulu has not

demonstrated that it has any actual indemnification obligations with respect to Straight Path's claims, the entire line of cases Hulu uses to that suggest an indemnitor may have a direct and substantial interest are inapposite.

Hulu also argues that it has a significantly protectable interest in "whether Hulu's partners infringe a family of related patents based, in part, on Hulu's technology." (Dkt. 125 at 4.) This case, however, is not about whether Hulu's technology infringes. As Hulu itself admits, this case is about whether ***Defendants*** infringe. (*Id*.) Hulu's technology is merely one of a dozen different ways Defendants' infringement may be proven. (Newman Decl. at ¶ 4.) While Hulu is a third-party supplier of an App that runs on Defendants' accused products, Hulu's alleged interest is no different than those of the dozen or so other third-parties whose Apps are incorporated by Defendants into their products. Any interest Hulu has in this case is not a direct and significantly protectable interest. *Donaldson v. United States*, 400 U.S. 517, 531 (1971).

### ii. Hulu has not proved that denial of intervention would impair or impede its ability to protect any interest it may have.

Even if Hulu could establish a direct and substantial interest in this lawsuit, it "must also show that as a practical matter, that interest would be impaired or impeded by a denial of intervention." *Linkous*, 2011 U.S. Dist. LEXIS 118107, at *7-8. It has not made such a showing.

Indeed, Hulu gives this factor only passing mention in a single conclusory paragraph that is based on attorney argument, not evidence, regarding what "may" happen as a result of this litigation. (Dkt. 125 at 6.) Such "[c]onclusory arguments are not sufficient to establish that an applicant's interest would be impaired or impeded without intervention." *Id.; see also In re City of Phila. Litig.*, 1986 U.S. Dist. LEXIS 22273, at *6 (E.D. Pa. Jul. 25, 1986) ( "a <u>strong</u> showing of practical impairment is required to support a motion for intervention as of right.") (emphasis added). Hulu makes no such strong showing of practical impairment. Moreover, interests that

are contingent upon a sequence of events that may or may not happen will not satisfy Rule 24(a). *See Probatter Sports, LLC v. Joyner Techs*., Inc., 2006 U.S. Dist. LEXIS 87778 (N.D. Iowa Mar. 10, 2006).  Hulu's conclusory attorney argument is not sufficient to support the strong showing of practical impairment required for intervention as of right.  *Linkous*, 2011 U.S. Dist. LEXIS 118107, at *7-8 ("While it has spilled considerable ink describing its interest, [applicant] has not made a single non-conclusory argument as to why that interest would be impaired or impeded without intervention. This, without more, is not enough to warrant intervention as of right.")

      **iii.**    **Defendants and Hulu share the same objective, and Hulu has not rebutted the presumption the Defendants adequately represent its interests.**

Even if Hulu could demonstrate that it has a significantly protectable interest that would be impaired or impeded by denial of intervention, it has not carried its burden to show that the Defendants (who also are Counterclaim-Plaintiffs) do not adequately represent that interest. *Westinghouse Elec. Corp*., 542 F.2d at 216.

"[W]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented." *Wright v. Krispy Kreme Doughnuts*, Inc., 231 F.R.D. 475, 478 (M.D.N.C. 2005) (quoting *Westinghouse Elec. Corp*., 542 F.2d at 216); *see also United States ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co*., 349 F. Supp. at 938 ("when the moving party has the same ultimate objective as a party to the suit, then a presumption arises that the moving party's interests are adequately represented.")  Here, Hulu admits that "Hulu seeks the same result as its partners." (Dkt. 125 at 7.)  But it claims that it "has far more to gain or lose from a ruling regarding Hulu functionality than do LG, Toshiba, and VIZIO" (Dkt. 125 at 7.)  Even assuming this were true, differences in financial or legal consequences between the proposed intervenor and existing parties are immaterial to the issue of

adequate representation. *See Pa. Nat'l Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 225 (D.

Md. 2010) (finding that where proposed intervenor's objective is ultimately the same as

defendant's, proposed intervenor's interests are adequately represented, notwithstanding whether

the "result may lead to different legal and economic circumstances" for each). Because Hulu

admits that it shares the same legal objective as Defendants, its interests are presumed to be

adequately represented. *See Etters v. Bennett*, 2011 U.S. Dist. LEXIS 84431, at *4 (D.N.C. 2011)

(applicant not entitled to intervene as of right where applicant admitted her claims were

"essentially the same.").

    To rebut the presumption of adequate representation, Hulu must show (1) adversity of

interest, (2) collusion, or (3) nonfeasance. *Pa. Nat'l Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. at

225; *Joseph v. REMAC Am., Inc., 2014 U.S. Dist. LEXIS 73704, *6 (D. W. Va. 2014)* ("If the

party on whose side a movant seeks to intervene pursues the same result as the movant, the

movant's interest is presumed adequately represented, so that the movant must show adversity of

interest, collusion, or nonfeasance.") (quotations omitted); *JLS, Inc. v. Public Serv. Comm'n of

W. Va.*, 321 F. App'x 286, 289 (4th Cir. 2009) (same).

    Hulu, however, has not alleged a conflict of interest or collusion by Defendants. While

Hulu states that its partners do not have the same understanding of Hulu's technology, that

argument overlooks that ***Hulu's technology itself is not accused***. It is ***Defendants'*** products that

are at issue. While some of these products do use Hulu's technology, Defendants (LG, VIZIO

and Toshiba) are large, sophisticated technology companies who undoubtedly do understand how

their products use Hulu's technology. Indeed, Hulu itself is not claiming that Defendants'

products use its technology without modification. Nor has Hulu provided any evidence that

Defendants cannot explain how their products incorporate Hulu's technology.

Hulu's claim of inadequate representation also is belied by the fact that Hulu did not, and apparently will not, intervene in the Texas Actions that have been pending for over a year and a half.  (Newman Decl. ¶ 5.)  Despite identical allegations against the Texas Defendants with respect to Hulu technology, Hulu has been content not to intervene in those cases and to participate as a third-party.  Hulu does not explain why it cannot participate in this case on the same basis.  Nor does it explain why the "Hulu partners" in Texas can adequately represent its interests in Texas, but the "Hulu partners" in Virginia cannot.

### iv.     Hulu's attempt to broaden the scope of this case is untimely.

Hulu also has not met its burden to show that its proposed Complaint in Intervention is timely.  The Complaint in Intervention is broader than the claims in this case.  This includes Hulu's claims in ¶¶ 14, 19, and 24 of its Complaint in Intervention.  Hulu admits these claims are "significantly broader" than the claims currently pending against Defendants in this case. (Dkt. 125 at 7.)  These claims would have this Court adjudicate, among other things, a dispute between Straight Path and Samsung that *is already pending* in a sister court in the Eastern District of Texas, that was filed more than a year ago, and in which Hulu has elected not to seek intervention.

Hulu knew, or should have known of these broader claims in ¶¶ 14, 19, and 24 of Hulu's Complaint in Intervention, in January 2014, and certainly no later than March of 2014 when Straight Path subpoenaed Hulu for information related to the Defendants in the Texas Actions.  It apparently made a calculated decision not to seek to intervene in the Texas actions.   It should not be permitted bring those claims in this action under the guise of intervention in a case involving different Defendants.   The Court, therefore, should find that the claims asserted in ¶¶ 14, 19, and 24 of Hulu's Complaint in Intervention are not timely.  *See Black v. Central Motor*

*Lines Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) (what constitutes a timely application for intervention must "be answered in each case by the exercise of the sound discretion of the court").

  **b.**  **Hulu Should Not be Permitted to Intervene.**

  Hulu also requests that, even to the extent Hulu does not have a right to intervene, that this court permit it to intervene under Rule 24(b).  (Dkt. 125 at 9-10.) Hulu seeks to intervene in order to protect its interest with respect to LG, Toshiba, and VIZIO, who design, manufacture, or sell devices that incorporate Hulu functionality. (Dkt. 125 at 1-2; Dkt. 125, Attachment 1 at ¶¶ 7-8.)  Rule 24(b) allows the court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

  There is admittedly some overlap in Hulu's  Complaint in Intervention and the issues in this case.  Hulu seeks a declaratory judgment that the named defendants do not infringe Straight Path's patents.  (Dkt. 125, Attachment 1at ¶¶ 15, 20, and 25.)  In that respect, these claims do share a common question of law or fact with the main action in this case.  To the extent Hulu is seeking a judgment that Straight Path's Asserted Patents are invalid, such claims also share a common question of law or fact.

  But Hulu's Complaint in Intervention goes beyond these shared objectives. Hulu seeks to "significantly broade[n]" this case by requesting "a declaration that all Hulu technology, independent of LG, Toshiba, and VIZIO's devices, does not infringe the three patents-in-suit." (Dkt. 125 at 8; *see also* Dkt. 125 Attachment 1 (Proposed Complaint in Intervention) at ¶¶ 14, 19, and 24; Requests for Relief (a), (c), and (e).)  Hulu claims in ¶¶ 14, 19, and 24 of its Complaint in Intervention to address all Hulu products on all of its customers' devices.  (Dkt. 125 at 8) ("Straight Path may also complain that addressing Hulu's technology across all partner

platforms would dramatically expand the scope of the case.")  Not only has Hulu has offered no

evidence that these broadened claims share a common question of fact, such expansive claims

would necessarily cause undue delay and prejudice.

When determining whether to permit intervention, a court "must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.

R. Civ. P. 24(b)(3).  Hulu's contemplated intervention would indeed cause undue delay and

prejudice, and therefore should not be permitted.

To help better understand the actual breadth of Hulu's expansive claims that are unrelated

to the claims against the Defendants, Straight Path requested the following information from

Hulu:

(1)     A list of all Hulu products ("Hulu Products");

(2)     A list of all companies with which Hulu has entered into an agreement regarding
        Hulu Products, or that to Hulu's knowledge, incorporate Hulu Products on their
        devices ("Hulu Partners");

(3)     For each Hulu Partner, a list of all products onto which any Hulu Product is
        preloaded ("Partner Products");

(4)     For each Partner Product, identify which version of each Hulu Product is
        preloaded, including but not limited to which version of Hulu Plus is preloaded;

([5])   Any agreements between Hulu and any Hulu Partner that prevent Hulu Partners
        from modifying Hulu Products.

(*See* Newman Decl. Ex. 7, October 7, 2014 6:33 PM email from M. Newman, Esq. to A.

Ramani, Esq.)  Hulu did not provide the requested information.   (Newman Decl., ¶ 15.)  Straight

Path tried to investigate on its own which companies would be involved in Hulu's broadened

claims.  From publicly available information on Hulu's own website, Straight Path identified the

following nineteen companies:

| Company | Platforms |
| --- | --- |
| Apple | AppleTV, Apple Touch |
| Nintendo | Nintendo 3Ds, Wii, Wii U |
| Microsoft | Xbox 360, Xbox One, Windows Phones |
| Google | Google Chromecast |
| Orb TV | Orb TV Box |
| Roku | Roku Streaming Players |
| TiVo | TiVo DVR boxes |
| WD TV (Western Digital) | WD TV Media Player |
| Amazon.com | Amazon Fire TV |
| Dynex | Dynex Blu-Rays |
| Denon | Denon Blu-Rays |
| Marantz | Marantz Blu-Rays |
| RCA | RCA Media Player |
| Netgear | Netgear Media Player |
| Funai | Funai Media Player |
| Barnes & Noble | Nook |
| Acer | Windows 8 Phones |
| Lenovo | Lenovo PCs |
| HTC | HTC One Max |

*See* http://www.hulu.com/plus/devices.

Without identifying or even enumerating the number of partners involved, Hulu blithely suggests that "Straight Path will be free to take third-party discovery in the ordinary course from any of those partners." (Dkt. 125 at 9.) Straight Path cannot reasonably be required to subpoena all of Hulu's partners to determine, among other things, what Hulu products are used, what versions of the Hulu products are implemented, and whether the companies modify the Hulu products before implementation. Indeed, if Straight Path needed to subpoena all these companies, it would exceed the number of third-party subpoenas Straight Path is permitted to issue in this case.

Moreover, Hulu's publicly-available information suggests the real possibility that there may be scores of unrelated Hulu products, each with different versions. These unrelated products could potentially be used on hundreds, if not thousands, of devices fielded by companies that are not parties to this case.  If this court chooses to adjudicate whether those non-parties infringe, then those non-parties may then have cause to intervene, ballooning this case exponentially.  Add to that, the potential intervention of all the other third-party App developers Straight Path identified, and all of their customers, and this case quickly will quickly become difficult if not impossible to manage to conclusion.

Hulu also suggests that Straight Path is not prejudiced because it is already familiar with the Hulu technology used by Samsung through its litigating against Samsung in the Texas Actions.  (Dkt. 125 at 9.)  Hulu did not inform the Court that Hulu has already refused Straight Path's request for cross-use of Hulu information produced in the Texas Actions.  (Newman Decl., Ex. 9.)  The fact that Hulu itself will not cooperate with Straight Path by cross-using in this case documents that Hulu has already produced in a separate case only underscores the enormous burden visited on Straight Path should it be forced to take third-party discovery on all Hulu products used by all of Hulu's partners.

Because Hulu contemplates a broad and disruptive intervention in this case, this court should exercise its discretion and refuse to permit Hulu to intervene.

**c.      If the Court Allows Hulu to Intervene, as of Right or by Permission, Hulu's Intervention Should Be Limited to Prevent Undue Delay or Prejudice.**

If the Court allows Hulu's intervention, whether as a matter of right or by permission, it should limit Hulu's claims in intervention only to Defendants' use of Hulu technology.  Even where an applicant has demonstrated a right to intervene, the intervention of right "may be subject to appropriate conditions or restrictions responsive among other things to the

17

requirements of efficient conduct of the proceedings." *Titan Atlas Mfg. v. Sisk*, 2014 U.S. Dist.

LEXIS 27094, at *7 (W.D. Va. Mar. 4, 2014) (quoting Fed. R. Civ. P. 24 advisory committee

note (1966 amendment)); *see also, e.g., United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386,

1396 (10th Cir. 2009) ("[I]ntervention as of right may be subject to appropriate conditions or

restrictions responsive among other things to the requirements of efficient conduct of the

proceedings.") (internal quotations omitted); *Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d at

352-53 ("It is now a firmly established principle that reasonable conditions may be imposed even

upon one who intervenes as of right."); *cf. Columbus-America Discovery Group v. Atlantic Mut.*

*Ins. Co.*, 974 F.2d at 469-70 (declining to decide whether conditions on an intervenor of right

were proper.).

When granting permissive intervention, the court may "impose almost any condition" on

such intervention. *See Columbus-America*, 974 F.2d at 469; *see also Financeware, Inc. v. UBS*

*Fin. Servs.*, 2011 U.S. Dist. LEXIS 140608, at *6-8 (S.D.N.Y. Dec. 7, 2011) (limiting

intervention by developer of software alleged to infringe asserted patent to the defendant's use of

the software, and declining to expand the case to include each of software developer's

customers). Such limitations on Hulu's intervention are well within this courts discretion. *Titan*

*Atlas Mfg. v. Sisk*, 2014 U.S. Dist. LEXIS 27094, at *7 ("the intervention of right "may be

subject to appropriate conditions or restrictions responsive among other things to the

requirements of efficient conduct of the proceedings."); *see also, e.g., United States v. Albert Inv.*

*Co., Inc.*, 585 F.3d at 1396 ("[I]ntervention as of right may be subject to appropriate conditions

or restrictions responsive among other things to the requirements of efficient conduct of the

proceedings."); *see also Beauregard, Inc. v. Sword Servs.*, LLC, 107 F.3d at 352-53.

In line with these principles, a court encountering an almost identical posture to the instant case limited the scope of intervention to the original defendants' allegedly infringing activities. In *Financeware, Inc. v. UBS Fin. Servs.*, Wealthcare Capital Management accused UBS Financial Services of infringing two patents through UBS's use of a software program called MoneyGuidePro. *Id.* at *2-3. PIETech, who manufactured MoneyGuidePro and indemnified UBS against liability for use of the software, moved to intervene as a matter of right or permissively under Fed. R. Civ. P. 24.  *Id.* at *3. Wealthcare did not oppose intervention, but requested that the court limit the scope of intervention to include only the UBS software, arguing that "limiting PIETech's intervention to include only [UBS's] use of MoneyGuidePro is more efficient and also prevents an expansive and cumbersome litigation, which [Wealthcare] has not contemplated upon filing its Complaint." *Id.* at *5.

The court allowed intervention, but limited it to include only UBS's use of PIETech's software, reasoning that such a limit (1) is efficient in that it ensures that the litigation will proceed efficiently, and that discovery is manageable; and (2) will allow Plaintiff to advance the case as contemplated and not "force Plaintiff to expand its claim for relief and drastically change its contemplated course of litigation. *Id.* at *6-8. *See also, e.g., Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citing *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944) ("noting the 'usual procedural rule' that 'an intervenor is admitted to the proceedings as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding'")); *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 11 n.8 (D.D.C. 2009) (granting intervention of right but prohibiting intervenors from raising new claims or collateral issues).

**IV.    Conclusion**

For the foregoing reasons, Straight Path respectfully requests that this court deny Hulu's

Motion to Intervene, or limit the scope of Hulu's intervention to the existing Defendants' use of

the Hulu technology.


Dated:  October 14, 2014                          Respectfully submitted,

                                                  /s/ Sona Rewari
                                                  Sona Rewari (VSB No. 47327)
                                                  HUNTON & WILLIAMS LLP
                                                  1751 Pinnacle Drive, Suite 1700
                                                  McLean, Virginia  22102
                                                  Tel.: (703) 714-7512
                                                  Fax.: (703) 918-4018
                                                  srewari@hunton.com

                                                  Gregory N. Stillman (VSB #14308)
                                                  HUNTON & WILLIAMS LLP
                                                  500 East Main Street, Suite 1000
                                                  Norfolk, VA 23510
                                                  Telephone: (757) 640-5300
                                                  Facsimile: (757) 625-7720
                                                  gstillman@hunton.com

                                                  OF COUNSEL:
                                                  Michael T. Renaud
                                                  James M. Wodarski
                                                  Michael J. McNamara
                                                  Michael C. Newman
                                                  Robert J. L. Moore
                                                  Kristina R. Cary
                                                  Nicholas W. Armington
                                                  Mintz, Levin, Cohn, Ferris, Glovsky and
                                                  Popeo P.C.
                                                  One Financial Center
                                                  Boston, MA 02110
                                                  Phone: (617) 542-6000
                                                  Fax: (617) 542-2241
                                                  mtrenaud@mintz.com
                                                  jwodarski@mintz.com
                                                  mmcnamara@mintz.com

mcnewman@mintz.com
rjmoore@mintz.com
krcary@mintz.com
nwarmington@mintz.com

*Counsel for Plaintiff Straight Path IP Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of October, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

 /s/ Sona Rewari
Sona Rewari (VSB No. 47327)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia  22102
Tel.: (703) 714-7512
Fax.: (703) 918-4018
Email: srewari@hunton.com

*Counsel for Plaintiff Straight Path IP Group, Inc.*

33890225v.1