**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., | **REDACTED PUBLIC VERSION** |
| Plaintiff, | |
| v. | Civil Action No. 1:13-cv-934 (AJT/IDD) |
| VIZIO, INC., | |
| Defendants. | |
| STRAIGHT PATH IP GROUP, INC., | |
| Plaintiff, | |
| v. | Civil No. 1:13-cv-934 (AJT/IDD) [*formerly* No. 3:13-cv-503, No. 1:13-cv-1070] |
| TOSHIBA CORPORATION, et al., | |
| Defendants. | |
| STRAIGHT PATH IP GROUP, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:13-cv-934 (AJT/IDD) [*formerly* No. 1:13-cv-933] |
| LG ELECTRONICS, INC., et al., | |
| Defendants. | |

**BRIEF OF PROPOSED INTERVENOR AMAZON.COM, INC.
IN SUPPORT OF ITS MOTION TO INTERVENE AND TO SEVER
AND STAY CLAIMS AS TO THE AMAZON INSTANT VIDEO SERVICE**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION --------------------------------------------------------------------------------- 1

FACTUAL BACKGROUND ------------------------------------------------------------------------- 2

    I.    THE ACCUSED AMAZON INSTANT VIDEO SERVICE
        IS DESIGNED, IMPLEMENTED, AND RUN BY AMAZON--------------------- 2

        A.    The Amazon Instant Video Service ------------------------------------------ 2

        B.    Straight Path's Infringement Allegations Against
              Amazon Instant Video ------------------------------------------------------- 4

              1.    The Action in this District------------------------------------------- 4

              2.    Straight Path's Actions in Other Districts----------------------- 7

              3.    Declaratory Judgment Action in California----------------------- 7

ARGUMENT----------------------------------------------------------------------------------------- 8

    I.    AMAZON SHOULD BE PERMITTED TO INTERVENE|
        TO SEEK A STAY AND, IF NECESSARY, TO DEFEND
        AGAINST STRAIGHT PATH'S CLAIMS ------------------------------------------ 8

        A.    Amazon Is Entitled to Intervene as of Right
              Under Rule 24(a) -------------------------------------------------------------- 8

              1.    Amazon's Motion Is Timely ------------------------------------- 9

              2.    Amazon's Significantly Protectable Interest
                    in Amazon Instant Video Warrants Intervention--------------------- 9

              3.    Amazon's Ability to Protect Its Interests
                    Will Be Impaired if It Is Not Permitted
                    to Intervene Because Its Interests Are Not
                    Adequately Represented by the Named
                    Defendants------------------------------------------------------------- 11

        B.    In the Alternative, the Court Should Permit
              Amazon to Intervene under Rule 24(b)-------------------------------------- 13

    II.    THE COURT SHOULD SEVER STRAIGHT PATH'S CLAIMS
        AGAINST AMAZON INSTANT VIDEO FROM THOSE AGAINST
        OTHER UNRELATED PRODUCTS -------------------------------------------- 14

**TABLE OF CONTENTS**
**(CONTINUED)**

Page

III.   THE COURT SHOULD STAY CLAIMS AS TO THE AMAZON
       INSTANT VIDEO SERVICE PENDING RESOLUTION OF
       AMAZON'S DECLARATORY JUDGMENT ACTION IN THE
       NORTHERN DISTRICT OF CALIFORNIA ---------------------------------------- 16

       A.   Manufacturers Are True Defendants and
            Their Suits Take Precedence over Customers'
            Suits. ------------------------------------------------------------------------------ 17

       B.   A Stay Will Not Prejudice Straight Path or the
            Current Defendants. ---------------------------------------------------------- 19

CONCLUSION ------------------------------------------------------------------------------------- 20

# TABLE OF AUTHORITIES

*Page(s):*

*Cases:*

*Blue Spike, LLC v. Zeitera, LLC*,
No. 14-cv-01648, 2014 WL 4310977 (N.D. Cal., Aug. 28, 2014) -------------------------- 20

*Card Activation Techs. v. Pier 1 Imps.*,
No. 09-cv-2021, 2009 WL 2956926 (N.D. Ill. Sept. 14, 2009) ------------------------- 18, 21

*Cooper Techs., Co. v. Dudas*,
247 F.R.D. 510 (E.D. Va. 2007) ----------------------------------------------------------------- 9

*Delphi Corp. v. Auto Techs., Int'l, Inc.*,
No. 08-cv-11048, 2008 WL 2941116 (E.D. Mich. July 25, 2008) -------------------------- 13

*HBB Ltd. P'ship v. Ford Motor Co.*,
No. 92-cv-3287, 1992 WL 348870 (N.D. Ill. Nov. 10, 1992) ----------------------------------- 9

*Honeywell Int'l v. Audiovox Commc'ns Corp.*,
No. 04-cv-1337, 2005 WL 2465898 (D. Del. May 18, 2005) ------------------- 11, 13, 19–20

*In re Google, et al.*,
___ Fed. Appx. ___, 2014 WL 5032336 (Fed. Cir. Oct. 9, 2014) --------------------------- 19

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014) -------------------------------------------------------------- 3, 19, 21

*In re Papst Licensing GmbH & Co. KG Litig.*,
767 F. Supp. 2d 1 (D.D.C. 2011) -------------------------------------------------------------- 11

*Interval Licensing LLC v. AOL, Inc.*,
No. C10–1385 MJP, 2011 WLP 1655713, at *1–*2 (W.D. Wash. Apr. 29,
2011) ------------------------------------------------------------------------------------------------- 15

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990) ------------------------------------------------------------- 2–3, 11

*Lexington Luminance LLC v. Google, Inc.*,
No. 12-12218, 2014 WL 172203 (D. Mass. Jan. 16, 2014)-------------------------------- 14

*Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*,
72 F.3d 361 (3d Cir. 1995) ------------------------------------------------------------------------- 10

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*,
No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012) ------------------------- 18, 20

iii

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Reid v. Gen. Motors Corp.*,
   240 F.R.D. 257 (E.D. Tex. 2006)------------------------------------------------------------- 15

*Select Retrieval, LLC v. ABT Elecs.*,
   No. 11 C03752, 2013 WL 6576861 (N.D. Ill. Dec. 13, 2013) --------------------- 11–12, 20

*Select Retrieval LLC v. AmeriMark Direct LLC*,
   No. 11-812-RGA, 2013 WL 3381324 (D. Del. July 3, 2013) ----------------------------12, 20

*Select Retrieval, LLC v. L.L. Bean, Inc.*,
   No. 12-cv-00003-NT, 2013 WL 1099754 (D. Me. Mar. 15, 2013) ---------------- 12–14, 20

*Sortex Co. of N. Am. v. Mandrel Indus., Inc.*,
   225 F. Supp. 877 (W.D. Mich. 1964) ------------------------------------------------------ 15

*Spring Constr. Co. v. Harris*,
   614 F.2d 374 (4th Cir. 1980)---------------------------------------------------------------- 10

*Teague v. Bakker*,
   931 F.2d 259 (4th Cir. 1991)----------------------------------------------------------- 10, 13

*Telebrands Corp. v. Nat'l Express, Inc.*,
   No. 12-6671, 2014 WL 4930897 (D.N.J. Oct. 2, 2014)------------------------------------ 20

*Tierravision, Inc. v. Research in Motion Ltd., et al.*,
   No. 11-cv-0639 DMS (BGS), 2011 WL 4862961 (S.D. Cal. Sept. 16,
   2011)----------------------------------------------------------------------------------------- 15

*WiAV Networks LLC v. 3Com Corp.*,
   No. C 10–3488 WHA, 2010 WL 3895047 (N.D. Cal. Oct.1, 2010) ----------------------- 15

*Wolf Designs, Inc. v. Donald McEvoy, Ltd.*,
   341 F. Supp. 2d 639 (N.D. Tex. 2004) ---------------------------------------------------- 21

*Statutes & Rules:*

   35 U.S.C.
      § 299 ----------------------------------------------------------------------------------- 3, 16
      § 299(a)---------------------------------------------------------------------------------- 16
      Fed. R. Civ. P. 24 --------------------------------------------------------------------13–14

iv

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Miscellaneous:*

7C Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1908.2 (3d ed. 2007) ------------------ 12

## INTRODUCTION

This case is one of many that Plaintiff Straight Path IP Group, Inc. ("Straight Path") has filed—in various jurisdictions—against consumer electronics companies based on their sale of Internet-enabled devices (*e.g.*, SmartTVs, Blu-ray players, tablets, or smartphones) with pre-installed video streaming applications.  The three defendants in this case sell such devices.  But Straight Path's infringement allegations have nothing to do with the design or operation of these defendants' devices.  Instead, Straight Path accuses the third-party video streaming software applications installed on these devices.  Among the accused applications is Amazon's video-on-demand service, Amazon Instant Video.

It was Amazon—not any of the defendants—that designed and developed Amazon Instant Video.  And it is Amazon that provides, implements, and runs this service, regardless of what device is used to access it.  Because Amazon's technology—not any hosting device—is what Straight Path actually accuses of infringement, two of the defendants in this case, LG Electronics, Inc. and related entities ("LGE") and VIZIO, Inc. (collectively "Defendants") requested that Amazon defend and indemnify them against Straight Path's claims.  As the "true defendant" here, Amazon has a real and substantial interest in defending its technology against Straight Path's claims.  *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).  The Court should allow Amazon to intervene to protect that interest.  *See* Fed. R. Civ. P. 24(a)(2), 24(b)(1).

At the same time, Amazon has no interest in the claims Straight Path is asserting against the other video applications available through Defendants' devices.  Claims against these other video services (such as those provided by Hulu or Yahoo!) have no place in an action about Amazon Instant Video.[1]  Each accused application is independently developed and operated by a

---

[1] In its list of "Proposed Representative Accused Products," Straight Path identified Amazon Instant Video along with *eight* other video streaming services as independently meeting limita-

different entity, and there are no common factual questions related to each application's alleged infringement.  In fact, Straight Path has acknowledged as much by providing separate infringement charts for each accused video service.  Thus, consistent with the rules on joinder, this Court should sever the claims against Amazon's technology from those implicating other unrelated video-streaming technologies.  *See* 35 U.S.C. § 299 (mandating separate suits against accused infringers where allegations of infringement do not relate to the same product or process).

Amazon Instant Video is available on over 500 devices, only a fraction of which are produced by the Defendants in this case.  Straight Path's numerous other suits in different districts allege infringement of the same patents at issue here and involve other Amazon partners that install Amazon Instant Video on their devices.  Amazon should not have to repeatedly defend against Straight Path's claims against Amazon Instant Video in different venues across the country every time Straight Path sues another Amazon partner.  To defend its technology and customers as efficiently as possible, Amazon filed a declaratory judgment action in the Northern District of California.  Amazon now asks this Court to stay all claims in this case relating to Amazon Instant Video so that any and all such claims can be resolved in the California declaratory judgment action.  *See, e.g.*, *Katz*, 909 F.2d at 1464; *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (granting stays of customer suits pending resolution of claims as to manufacturers).

## FACTUAL BACKGROUND

**I.    THE ACCUSED AMAZON INSTANT VIDEO SERVICE IS DESIGNED, IMPLEMENTED, AND RUN BY AMAZON.**

### A.    The Amazon Instant Video Service

Amazon Instant Video is an on-demand Internet video service that provides millions of

tions of the asserted claims.  (Ex. A (identifying Amazon Instant Video, CinemaNow, Hulu Plus, M-GO, MLB.TV, NFL Mobile, Redbox Instant, UStream, and Yahoo! Screen).)

users direct access to over 140,000 movies and television episodes through over 500 devices, including Smart TVs, Blu-ray players, game consoles, and smartphones.  (Ex. B.)  These devices are manufactured and sold by myriad electronics companies; defendants LGE and VIZIO are only two such companies.  (Ex. C.)

Amazon—not the device manufacturers—designed, developed, and now provides the Amazon Instant Video service through a cloud network that it controls and operates.  That network hosts the video content that the Amazon Instant Video application accesses.  The application is provided by Amazon and is either pre-installed on consumer electronics devices such as LGE and VIZIO's devices, or made available by Amazon for users to download onto their compatible devices.

Devices such as the SmartTVs and Blu-ray players Straight Path accuses in this case come pre-loaded with various software applications, including Amazon Instant Video.  (*See, e.g.*, Ex. D.)  To launch the Amazon Instant Video application on one of these devices, the user first scrolls through the applications available on the device and then selects the icon corresponding to the Amazon Instant Video application.  At that point, the user is required to register the device with Amazon.  This process is illustrated as follows:



3

(*Id.*, Ex. E.)  Once registered, the user has access to and can view thousands of movies and television shows hosted by Amazon and made available through Amazon Instant Video:



(*Id.*)  Amazon controls the Amazon Instant Video service from application launch, to content selection, to streaming of video, to the user's viewing experience.  The process is generally the same, regardless of what device is used to access the Amazon Instant Video service.

### B. Straight Path's Infringement Allegations Against Amazon Instant Video

#### 1. The Action in this District

Straight Path filed the instant suit in August 2013, accusing LGE, VIZIO, and Toshiba Corporation and its related entities ("Toshiba") of infringing U.S. Patent Nos. 6,009,469 (the "'469 patent"), 6,108,704 (the "'704 patent"), and 6,131,121 (the "'121 patent") by selling consumer electronics devices pre-installed with video streaming services.  (*See* Case No. 1:13-cv-933, Dkt. No. 1; Case No. 1:13-cv-934, Dkt. No. 1; Case No. 1:13-cv-1070, Dkt. No. 1.)  Shortly thereafter, this Court stayed all three actions pending resolution of an ITC investigation initiated by Straight Path against the same defendants.  (Case No. 1:13-cv-933, Dkt. No. 7; Case No. 1:13-cv-934, Dkt. No. 45.)  Straight Path abandoned its claims in the ITC action one week before the evidentiary hearing was set to take place, and the Court accordingly lifted the stays in June

2014.  (*See, e.g.*, Case No. 1:13-cv-00934, Dkt. No. 56.)

On September 2, 2014, the Court consolidated the LGE, VIZIO, and Toshiba cases. (Dkt. No. 117.)[2]  Just a few weeks ago, on September 22, 2014, the Court issued a scheduling order—the first since it lifted the stay on these proceedings—setting an initial pretrial conference on October 15, 2014 and a final pretrial conference on February 19, 2015.  (Dkt. No. 117.)  In the same order the Court formally opened fact discovery.  (*Id.*)  Finally, just days ago, the Court held the initial pretrial conference.  (Dkt. No. 131.)  The parties have yet to exchange final infringement contentions or invalidity contentions or disclose any claim construction positions.

On October 17, Straight Path served its Preliminary Infringement Contentions that target Amazon Instant Video, among other streaming video services.  (*See* Exs. A, F-K.)  For each patent, Straight Path provided a separate infringement claim chart for each accused third party video streaming service.  Each chart, however, applies generically to scores of different Defendants' devices including "Smart TVs, Blue-Ray Disc Players, Smartphones and Tablets" that are lumped together in a footnote.  (Exs. F-K.)  In the charts, Straight Path explicitly identifies Amazon software and servers as purportedly satisfying all elements of the asserted claims.  For example, claim 6 of the '121 patent requires:  "A computer program product for use with a computer system capable of executing a first process and connecting to other processes and a server process over a computer network . . . ."  (Exs. H, K.)  In the infringement contentions against LGE, Straight Path accuses the Amazon Instant Video of infringing this claim:  "[T]he Amazon Application on the Accused Products communicates with the Amazon Servers in order to stream videos."  (Ex. H at 2.)  Straight Path then cites to an Amazon web page and network traces between the Amazon Instant Video application and an Amazon server.  (*Id.* at 4-5.)  Straight Path

---

[2] Unless otherwise specified, docket citations are to the lead case, No. 1:13-cv-934.

further identifies Amazon's end-user customers as the alleged direct infringers of the patents-in-suit.[3]  (*See, e.g.*, *id.* at 2 ("Where the Accused Products indirectly meet this limitation, the direct infringer is the device's end user utilizing the Amazon Instant Video Application on an Accused Product.").)  In its infringement contentions against VIZIO, Straight Path includes materially identical allegations, again identifying Amazon software and servers as purportedly satisfying the elements of the asserted claims.  (Exs. F-K.)  Indeed, Straight Path admits that it accuses third-party applications incorporated in Defendants' devices, rather than any functionality provided by the devices themselves.  (Straight Path's Opp. to Hulu, LLC's Motion to Intervene ("Hulu Opp.") (Dkt. No. 137) at 5 (Straight Path contends that "it could demonstrate infringement by [Defendants] through their incorporation of various third-party Apps.").)  Under Straight Path's infringement theory, the accused LGE and VIZIO consumer electronic devices do nothing more than provide customers with access to what is truly alleged to be infringing—the Amazon Instant Video service.

Discovery propounded by Straight Path confirms that it is the Amazon Instant Video Service that Straight Path accuses of infringement—not anything designed or developed by Defendants.  For example, Straight Path requested from VIZIO documents relating to the structure, function, and development of Amazon Instant Video, as well as any agreements VIZIO has with Amazon.  (Ex. L.)  Similarly, Straight Path served Amazon with a subpoena seeking production of documents showing the structure, function, and operation of Amazon Instant Video, including technical manuals and source code, as well as documents relating to Amazon's relationship and

---

[3] Straight Path's identification of Proposed Representative Accused Products also alleges that users infringe by downloading Amazon Instant Video onto Defendants' devices, even when those devices do not come pre-loaded with the application.  (Ex. A at 1-2 ("LG G3 Smartphone is exemplary . . . and representative of Accused Products where these applications [such as Amazon Instant Video] may be installed by a user through a storefront provided on the Product."))

communications with each Defendant vis-à-vis the Amazon Instant Video service.  (Ex. M.)

Likewise, Defendants in this case understand that Straight Path's infringement allegations are based on Amazon Instant Video.  On September 29, 2014, LGE sent a letter informing Amazon that Straight Path was accusing the Amazon Instant Video service of infringement and asking Amazon to defend, indemnify, and hold LGE harmless for such claims.  (Ex. N.)  And on September 30, 2014, VIZIO sent a letter requesting that Amazon defend and indemnify VIZIO against Straight Path's infringement claims targeting Amazon Instant Video.  (Ex. O.)

### 2.     Straight Path's Actions in Other Districts

To date, Straight Path has initiated over fifteen different lawsuits in five different forums asserting infringement of the same patents at issue here.  Currently pending in the Northern District of California are suits against communications companies Avaya Inc. (Case No. 14-cv-4309) and Cisco Systems Inc. (14-cv-4312), and consumer electronics provider Apple Inc. (Case No. 14-cv-4302).  Straight Path has sued Vonage in the District of New Jersey (Case No. 14-cv-502) and Verizon Communications in the Southern District of New York (Case No. 14-cv-7798).  And Straight Path has filed suits in the Eastern District of Texas asserting the same patents against consumer electronics companies Samsung Electronics, Blackberry, ZTE, and Huawei Technologies (consolidated in Case No. 13-cv-604) and video service provider Netflix, Inc. (Case No. 14-cv-405).

### 3.     Declaratory Judgment Action in California

To protect its customers and defend its technology, on October 14, 2014, Amazon filed a declaratory judgment action in the Northern District of California,[4] seeking a declaration that

---

[4] An Amazon development facility is located in the Northern District of California, where Straight Path is currently asserting its patents and is therefore subject to personal jurisdiction. The Northern District of California is also the district closest to Amazon's headquarters in Seattle, Washington with personal jurisdiction over Straight Path.

neither its Amazon Instant Video technology nor its conduct with respect to its partners or end users infringes any claim of the patents-in-suit.  (Ex. P.)

## ARGUMENT

### I.   AMAZON SHOULD BE PERMITTED TO INTERVENE TO SEEK A STAY AND, IF NECESSARY, TO DEFEND AGAINST STRAIGHT PATH'S CLAIMS.

Amazon should be allowed to intervene in this action as of right, or by permission.  As set forth above, Straight Path's claims against Defendants are really claims against the Amazon Instant Video service.  Amazon's intervention here is both appropriate and necessary to safeguard its interests in protecting its own technology and its current and future customers from Straight Path's meritless claims.  *See* Fed. R. Civ. P. 24(a)(2), 24(b)(1); *HBB Ltd. P'ship v. Ford Motor Co.*, No. 92-cv-3287, 1992 WL 348870, at *2 (N.D. Ill. Nov. 10, 1992) ("Permitting the intervention by a manufacturer in a patent infringement case against its customers is well supported by case law," which recognizes the interests such manufacturers have at stake when their technology is implicated by claims against their customers).

The Court should allow Amazon to intervene as of right under Federal Rule of Procedure 24(a) because it easily meets the requisite standard as set forth below.  In the alternative, the Court should permit Amazon to intervene under Rule 24(b).

### A.   Amazon Is Entitled to Intervene as of Right Under Rule 24(a).

Under Federal Rule of Civil Procedure 24(a)(2), a party must be allowed to intervene as of right upon a showing that (1) its motion is timely, (2) it has an interest sufficient to merit intervention, (3) that interest may be impaired without intervention, and (4) the present litigants do not adequately represent that interest.  Fed. R. Civ. P. 24(a)(2); *see Cooper Techs., Co. v. Dudas*, 247 F.R.D. 510, 514 (E.D. Va. 2007) (citing *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)).  Amazon is entitled to intervene as of right here because it meets all four

requirements.

### 1.    Amazon's Motion Is Timely.

Amazon filed this motion less than three weeks after learning that Straight Path accused Amazon Instant Video in its claims against Defendants in this case, and a few days after receiving copies of Straight Path's Preliminary Infringement Contentions served on Defendants.  (Exs. A, F-K, N-O.)  The filing of this motion has not been delayed in any way.

Regardless, "[t]he most important consideration is whether the delay has prejudiced the other parties."  *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980).  Amazon seeks relief in this motion days after the initial pre-trial conference and only a few weeks after the Court lifted the stay on proceedings in this case.  Because discovery has only very recently begun, the existing parties will not be prejudiced by Amazon's addition here.  *See Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995) ("[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved.").  Indeed, Amazon's intervention will likely streamline matters for the existing parties, including Straight Path, which would otherwise be forced to pursue cumbersome and time-consuming third-party discovery procedures (like the third party subpoena it already served on Amazon seeking details about the Amazon Instant Video service.  (Ex. M)).  The three defendants do not oppose this motion.

### 2.    Amazon's Significantly Protectable Interest in Amazon Instant Video Warrants Intervention.

A party seeking intervention as of right must assert a "significantly protectable interest." *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).  Amazon's interest in its products and its customers is significantly protectable here.

As Straight Path's infringement allegations challenge functionality provided by Amazon to its customers, Amazon has a unique and significant interest in this litigation. The Federal Circuit has recognized that in patent cases accusing customers, the true defendant is the manufacturer. *Katz*, 909 F.2d at 1464 (noting that "in reality, the manufacturer is the true defendant in the customer suit") (internal citations omitted). And several district courts have held the same. *See, e.g.*, *Honeywell Int'l v. Audiovox Commc'ns Corp.*, No. 04-cv-1337, 2005 WL 2465898, at *4 (D. Del. May 18, 2005) (granting manufacturer's motion to intervene in patent suit "because it puts a willing manufacturer defendant in the forefront of litigation aimed squarely at its product"); *Select Retrieval, LLC v. ABT Elecs.*, No. 11 C03752, 2013 WL 6576861, at *4 (N.D. Ill. Dec. 13, 2013) (granting motion to intervene and stay and noting that the customer-suit exception to the first-to-file rule are "rooted in the premise that a manufacturer is the true defendant in a patent infringement action"); *In re Papst Licensing GmbH & Co. KG Litig.*, 767 F. Supp. 2d 1, 10 (D.D.C. 2011) (staying claims against retailer, noting "the preference that infringement determinations should be made in suits involving the true defendant"). Indeed, Defendants have asked Amazon to indemnify them from any liability incurred from Straight Path's allegation that Amazon Instant Video infringes its patents. (Exs. N-O.)

"[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464 (internal citation omitted). Amazon has a significant interest in protecting itself, its customers and partners from Straight Path's infringement allegations and in removing the cloud Straight Path's allegations have cast over the Amazon Instant Video service that is incorporated in hundreds of devices and used by millions of consumers. *Honeywell*, 2005 WL 2465898, at *4 (holding that even a manufacturer of a *component* of

10

an accused product had a "compelling interest" in the litigation concerning the product).

For these same reasons, and in a situation like Amazon's here, three separate district courts recently granted motions by Adobe, Inc. to intervene in cases involving Adobe's customers where Adobe provided the allegedly infringing digital marketing software. *See ABT Elecs.*, 2013 WL 6576861, at *1; *Select Retrieval LLC v. AmeriMark Direct LLC*, No. 11-812-RGA, 2013 WL 3381324, at *1 (D. Del. July 3, 2013); *Select Retrieval, LLC v. L.L. Bean, Inc.*, No. 12-cv-00003-NT, 2013 WL 1099754, *1 (D. Me. Mar. 15, 2013). All three courts found that, just like Amazon here, Adobe had a substantial and protectable interest in the issue at stake in the litigations, namely, "whether its customers are using technology obtained from Adobe as directed by Adobe and infringing the #617 patent as a result." *See ABT Elecs.*, 2013 WL 6576861, at *2; *see also L.L. Bean, Inc.*, 2013 WL 1099754, at *3; *AmeriMark Direct LLC*, 2013 WL 3381324, at *1.

### 3. Amazon's Ability to Protect Its Interests Will Be Impaired if It Is Not Permitted to Intervene Because Its Interests Are Not Adequately Represented by the Named Defendants.

The technology implicated by Straight Path's infringement contentions is Amazon's alone—from the Amazon Instant Video application on the consumer devices to the Amazon servers the application interacts with to provide the streamed video content. Amazon knows this technology better than anyone else, is best positioned to defend against the infringement allegations, and has a great interest in resolving infringement claims as to both the Defendants and its other customers. If Amazon were not allowed to participate, it would have to rely on third parties with minimal knowledge of Amazon technology to defend that technology against Straight Path's claims. Amazon would certainly be "put . . . at a practical disadvantage in protecting its interests." 7C Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1908.2 (3d ed. 2007); *see also*

11

Fed. R. Civ. P. 24, Advisory Committee Notes, 1966 Amendment ("[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene").

While Amazon is intimately familiar with each aspect of its technology, the current defendants are not. ██████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████ As the manufacturer and operator of the Amazon Instant Video service, Amazon "is uniquely situated to understand and defend its own product [and] its interests are not adequately represented by existing parties to the litigation." *Honeywell*, 2005 WL 2465898 at *4; *see also Delphi Corp. v. Auto Techs., Int'l, Inc.*, No. 08-cv-11048, 2008 WL 2941116, at *5 (E.D. Mich. July 25, 2008) (manufacturer was "the natural defendant" because it "controlled the design and production and therefore is in the best position to defend its own products").[5]

Amazon's interests are also much broader than those of the existing parties. Amazon has more to gain—and, potentially, to lose—from the outcome of this litigation than the Defendants here. *See, e.g.*, *L.L. Bean,* 2013 WL 1099754, at *3 ("Adobe, as the developer and marketer of the allegedly infringing technology, has more at stake than L.L. Bean as a mere customer of Adobe"). Although Amazon and Defendants both seek a determination of non-infringement, their interests and objectives in doing so are very different. The court in *Select Retrieval v. ABT*

---

[5] Under Fourth Circuit law, though suppliers' interests are presumed to be adequately represented by customer defendants, "the burden on the applicant of demonstrating a lack of adequate representation 'should be treated as minimal.'" *Teague*, 931 F.2d at 262 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).

*Electronics* recognized this distinction, noting that although "Adobe and its customers share the goal of defeating [Select Retrieval's] infringement claims . . . their interests are not identical even though they would all advocate the same outcome [as] Adobe is concerned with its technology across its customer base, and obviously has much more to lose (or gain) from a ruling, either way, as to the infringement claim." *Id.* at *2. The same analysis applies here. Given that Amazon must consider the effect this litigation will have on its entire customer base, including its numerous partners and millions of consumers, its interests are distinct from those of its partners in this suit, and it will be highly motivated to devote more resources to defending this action than Defendants.

Amazon must be allowed to intervene as of right in light of its unique interest in defeating, and ability to defend against, Straight Path's claims.

### B. In the Alternative, the Court Should Permit Amazon to Intervene under Rule 24(b).

In addition to allowing intervention as of right, Rule 24 permits intervention "on timely motion" where a proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In determining whether to permit intervention under Rule 24(b), courts "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

First, as set forth above, Amazon's motion is timely, and no prejudice or delay would result from adding Amazon as a party at this early stage in the proceedings. *See, e.g.*, *Lexington Luminance LLC v. Google, Inc.*, No. 12-12218, 2014 WL 172203, at *1 (D. Mass. Jan. 16, 2014) (permitting LCD manufacturer to intervene on behalf of its customer Google to defend against charges of infringement relating to Google Nexus tablet, where action was in early stages and manufacturer had already filed a declaratory judgment action against the plaintiff arising from

the same patent).

Second, because Amazon is the developer and provider of the technology at issue, not only will its involvement simplify the issues for the existing parties and avoid third-party discovery, which Straight Path has already initiated, but Amazon's defenses will involve common questions of law and fact (*e.g.*, non-infringement, invalidity) as those asserted by Defendants. *Reid v. Gen. Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (permitting Microsoft to intervene in a case accusing its customers' use of Microsoft technology of infringement, finding "Microsoft's claims and defenses share common questions of law and fact with the action by Plaintiffs and Defendants"); *Sortex Co. of N. Am. v. Mandrel Indus., Inc.*, 225 F. Supp. 877, 880 (W.D. Mich. 1964) (finding "proposed complaint by intervening plaintiff [manufacturer] involve[d] the same questions of fact and law as to the validity of the [asserted] patent and as to the alleged infringement of that patent"). Permissive intervention is thus appropriate here.

## II.   THE COURT SHOULD SEVER STRAIGHT PATH'S CLAIMS AGAINST AMAZON INSTANT VIDEO FROM THOSE AGAINST OTHER UNRELATED PRODUCTS.

Claims against unrelated products cannot be joined in the same infringement suit. *WiAV Networks LLC v. 3Com Corp.*, No. C 10–3488 WHA, 2010 WL 3895047, at *3 (N.D. Cal. Oct.1, 2010) (severing claims brought against twelve defendants who all manufactured laptops that allegedly infringed the same patent, finding "joinder is often improper where [multiple] competing businesses have allegedly infringed the same patent by selling different products") (citation omitted); *Interval Licensing LLC v. AOL, Inc.*, No. C10–1385 MJP, 2011 WLP 1655713, at *1–*2 (W.D. Wash. Apr. 29, 2011) (finding joinder improper where each defendant was accused of infringing the relevant patents in a similar way, but operated differently and offered products that often competed with those of other defendants); *Tierravision, Inc. v. Research in Motion Ltd., et al.*, No. 11-cv-0639 DMS (BGS), 2011 WL 4862961, at *1 (S.D. Cal. Sept. 16, 2011) (finding

joinder improper where plaintiff alleged that each defendant's software application infringed its patent through the use of similar devices and used data obtained from the same source)

Indeed, with its adoption of the Leahy-Smith America Invents Act, Congress recently expressed its clear intention that unrelated products from different defendants cannot be joined in a single action.  *See* 35 U.S.C. § 299(a) ("[A]ccused infringers may be joined in one action as defendants … only if … [claims] relating to the making, using, importing into the Unites States, offering for sale or selling of the same accused product or process, and questions of fact common to all defendants … will arise in the action  The Court should therefore sever the Amazon Instant Video claims from claims against other unrelated streaming video services.

Straight Path's nominal claims against LGE and VIZIO are directed not only to Amazon Instant Video, but also to other video streaming applications provided by third parties Hulu, M-GO, MLB, NFL, Redbox, UStream and Yahoo![6]  (Ex. A.)  Allowing Straight Path's claims against Amazon Instant Video to be tried together with its claims against unrelated applications of other service providers is equivalent to joining claims against Amazon, Hulu, M-GO, MLB, NFL, Redbox, UStream and Yahoo! in a single action only because the same patents are asserted against these unrelated entities.  This is at odds with the spirit and purpose of Section 299.[7]

Because each of these video streaming services is independently developed and operated, adjudicating Straight Path's claims will involve distinct questions of fact.  The Preliminary Infringement Contentions Straight Path recently served on Defendants highlight this point.  For each patent, Straight Path provided a separate chart for each accused third party *service*, but, for

---

[6] Straight Path dismissed its claims against another Amazon Instant Video competitor, Netflix.  (Dkt. No. 112-113.)

[7] Straight Path does not contend that the suppliers at issue are jointly and severally liable with any of the current defendants; joinder of these parties is thus impermissible under Section 299(b).  *See* 35 U.S.C. § 299(a).

each given service, Straight Path's contentions apply generically to scores of different devices offered by Defendants.  (*See, e.g*., Exs. F-K.)  This implies both (1) that resolving Straight Path's allegations against Amazon and others will involve distinct issues of fact (*e.g*., evaluating Straight Path's distinct allegations as to each video streaming service) and (2) that resolving claims as to a given service, such as Amazon Instant Video, will resolve Straight Path's claims as to each Defendant's numerous accused devices.

Indeed, the availability of each separately accused video streaming service on the same devices does not raise common questions of fact.  If the accused streaming video services were sold as in-box software at a brick-and-mortar retail store, no one could successfully contend that the services were somehow related for patent infringement purposes just because they were next to each other on the same shelf.  Similarly, Straight Path's claims against these services are not related simply because the services (*e.g*., Amazon Instant Video, Hulu, M-GO, MLB.TV, NFL Mobile, Redbox Instant, UStream, and Yahoo! Screen) share space on a single *device*.  Under Section 299(b), these claims may not be joined.

In keeping with the America Invents Act and principles of judicial economy and justice, this Court must sever Straight Path's claims directed towards Amazon Instant Video from those of other service providers.

### III.   THE COURT SHOULD STAY CLAIMS AS TO THE AMAZON INSTANT VIDEO SERVICE PENDING RESOLUTION OF AMAZON'S DECLARATORY JUDGMENT ACTION IN THE NORTHERN DISTRICT OF CALIFORNIA.

By suing on the same patents in at least five different courts, Straight Path has unnecessarily invited multiple judges and fact finders to grapple with its patents.  Severing and staying Straight Path's claims against Amazon Instant Video in favor of a single declaratory judgment action in California will ensure that only one court will adjudicate infringement with respect to

16

the accused Amazon service.  That court is in the Northern District of California.  Because manufacturers' suits take precedence over customer suits and a stay will not prejudice any of the existing parties in this action, this customer action must be stayed.[8]

### A.   Manufacturers Are True Defendants and Their Suits Take Precedence over Customers' Suits.

District courts should stay customer suits.  The Federal Circuit said as much earlier this year in *In re Nintendo of America, Inc.*  There, Secure Axcess LLC sued retailers of Nintendo's video game systems for patent infringement.  Nintendo distributes its video game systems through stores and online dealers, much like how Amazon distributes its Amazon Instant Video service and application through its partners.  The district court in that case denied a motion brought by Nintendo and its retailers to sever and stay claims as to the retailer defendants to allow Nintendo to defend its video game system against Secure Axcess's infringement claims in another court.  In response to Nintendo's petition for writ of mandamus, the Federal Circuit vacated the district court's denial and directed the district court to grant the motion.  In doing so, the Federal Circuit noted that "Nintendo's liability is predicate to recovery from any of the de-

---

[8] The considerations relevant to the stay inquiry are "(1) whether granting the stay will simplify issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice form any delay, or a clear tactical disadvantage."  *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.,* No. 12-088-RGA, 2012 WL 2803695, at *1 (D. Del. July 10, 2012).  As discussed above, the case is in its early stages and no major case deadlines have been set.  Moreover, as Amazon's Instant Video service is the true accused product in this litigation, resolution of Amazon's declaratory judgment claim in the Northern District of California will simplify issues for trial in this matter as to Straight Path's allegations against Amazon Instant Video. *Card Activation Techs. v. Pier 1 Imps.*, No. 09-cv-2021, 2009 WL 2956926, at *4 (N.D. Ill. Sept. 14, 2009) (finding that the outcome of the manufacturer suit would "either moot or greatly simplify" the customer suit).  Finally, as discussed herein, none of the parties would be prejudiced by a stay of claims directed to Amazon Instant Video.

fendants, [and thus] the case against Nintendo must proceed first, in any forum."[9]  *Id.* at 1366.

Straight Path has no claim against LGE and VIZIO based on their incorporation of Amazon Instant Video in their consumer electronics devices unless it *first* proves infringement by the Amazon Instant Video service itself.  Amazon's liability is thus "predicate to recovery from any of the defendants" here.  *Id.*

As revealed in Straight Path's Preliminary Infringement Contentions, this case has *nothing* to do with the details of how the accused LGE and VIZIO SmartTVs, Blu-ray players, tablets or smartphones operate.  Defendants are allegedly liable only because they include the Amazon Instant Video service on their devices.  This Court should not "impos[e] the burdens of trial on the [Amazon] customers[s]," as Amazon is "the 'true defendant' in the dispute."  *In re Nintendo*, 756 F.3d at 1365.  "[D]ealing with the manufacturers first is the fairest and most efficient way to proceed.  It is not a complication to be resisted."  *Honeywell*, 2005 WL 2465898, at *3.

Moreover, the current defendants represent only a small fraction of the companies offering devices through which consumers can access the Amazon Instant Video service.  Indeed, Straight Path has already sued Samsung and Apple in separate proceedings in the Eastern District of Texas and the Northern District of California, respectively.  And, nothing prevents Straight Path from continuing its litigation campaign by filing more lawsuits against Amazon's partners.  Neither Amazon nor its customers should have to defend the *same* service in piecemeal fashion

---

[9] The Federal Circuit reinforced its holding in *In re Nintendo* in its recent, nonprecedential opinion in *In re Google*, *et al.*, ___ Fed. Appx. ___, 2014 WL 5032336 at *2 (Fed. Cir. Oct. 9, 2014), granting a petition for a writ of mandamus, vacating an order denying a motion to stay claims against device manufacturers using Google's Android operating system in favor of a declaratory judgment action filed by Google in the Northern District of California, and ordering the district court to stay the proceedings against the device manufacturers because "[t]he only potential result of adjudicating these cases in parallel fashion would be the Texas and California courts agree on the major issues of the litigation, thus producing wasteful and unnecessary litigation, or the courts disagree, thus producing conflicting decisions."

in disparate proceedings across the country.

For these very reasons, district courts routinely stay customer suits. *See, e.g.*, *Telebrands Corp. v. Nat'l Express, Inc.*, No. 12-6671, 2014 WL 4930897, at *6 (D.N.J. Oct. 2, 2014) (severing and staying claims against retailer defendants in favor of claims against manufacturers "in the interests of judicial economy and efficiency"); *Blue Spike, LLC v. Zeitera, LLC*, No. 14-cv-01648, 2014 WL 4310977, at *1 (N.D. Cal., Aug. 28, 2014) (granting stay as to customer, rejecting argument that accused customer product was "greater than the sum of its [supplier-provided] parts"); *Pragmatus Telecom,* 2012 WL 2803695, at *3-4 (granting customer-suit stay); *ABT Elecs.*, 2013 WL 6576861, at *1 (granting customer-suit stay in favor of Adobe declaratory judgment action); *AmeriMark Direct LLC*, 2013 WL 3381324, at *1 (same); *L.L. Bean, Inc.*, 2013 WL 1099754, *1 (same).

### B.   A Stay Will Not Prejudice Straight Path or the Current Defendants.

The current defendants (LGE, VIZIO, and Toshiba) consent to the stay Amazon seeks, and Straight Path will not be prejudiced by such a stay. Discovery has only recently begun in earnest. No trial date has been set, and the parties have yet to exchange patent-rule mandated invalidity contentions or final infringement contentions, or to disclose their claim construction positions. *See Honeywell*, 2005 WL 2465898, at *4 (holding that, while the case is in its early stages, staying claims against non-manufacturer defendants "would not unduly prejudice [the plaintiff]"); *Pragmatus*, 2012 WL 2803695, at *2 (finding that stay would not prejudice plaintiff because, as plaintiff did not practice its patents and could not get injunctive relief, any harm arising from a stay "can be fully compensated by monetary damages").

A stay in this action in favor of Amazon's declaratory judgment action will greatly simplify, if not eliminate, the issues in the case relative to Amazon Instant Video. *See, e.g.*,

*Pragmatus*, 2012 WL 2803695, at *1-2 (finding that, if the manufacturer's action resulted in a determination of invalidity, it would entirely resolve the customer suit, and if not, it would simplify the issues of infringement and damages); *Card Activation Techs.*, 2009 WL 2956926, at *4 (finding that the outcome of the manufacturer suit would "either moot or greatly simplify" the customer suit, "thus saving valuable judicial and party resources"); *Wolf Designs, Inc. v. Donald McEvoy, Ltd.*, 341 F. Supp. 2d 639, 645 (N.D. Tex. 2004) (finding a stay warranted "to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues") (citations omitted).

## CONCLUSION

Straight Path has strategically chosen to sue Amazon's customers, but not Amazon, in this litigation.  As the Federal Circuit held in *In re Nintendo*, however, that choice is trumped by the established policy that patent suits should be decided between the real defendants—the manufacturers of the accused products—and plaintiffs, without mere customers.  *In re Nintendo*, 756 F.3d at 1366 (rejecting argument that "severance [and stay] should be denied so that [plaintiff] may pursue, and have its choice of, the highest royalty rate among the defendants" because patentee's damages considerations are outweighed by the potential judicial efficiency to be gained by severance and a stay).  This Court should stay the claims implicating Amazon Instant Video.

In the interest of conserving both judicial and party resources, as well as ensuring consistent determination of key issues bearing on the Amazon Instant Video service, Amazon respectfully requests that the Court (1) grant its motion to intervene; and (2) grant its motion to sever Straight Path's claims implicating Amazon Instant Video and stay these claims pending resolution of Amazon's declaratory judgment action in the Northern District of California.

Respectfully submitted,

AMAZON.COM, INC.

Dated:  October 22, 2014          By:   */s/ Robert A. Angle*
                                       Robert A. Angle (VSB No. 37691)
                                       robert.angle@troutmansanders.com
                                       Mary Catherine Zinsner (VSB No. 31397)
                                       mary.zinsner@troutmansanders.com
                                       S. Mohsin Reza (VSB No. 75347)
                                       Mohsin.reza@troutmansanders.com
                                       Stanley W. Hammer (VSB No. 82181)
                                       stan.hammer@troutmansanders.com
                                       TROUTMAN SANDERS LLP
                                       1850 Towers Crescent Plaza, Suite 500
                                       Tysons Corner, Virginia 22182
                                       Telephone:  (703) 734-4334
                                       Facsimile:  (703) 734-4340

                                       J. David Hadden (*pro hac vice* application
                                       pending)
                                       dhadden@fenwick.com
                                       Saina S. Shamilov (*pro hac vice* application
                                       pending)
                                       sshamilov@fenwick.com
                                       Carolyn Chang (*pro hac vice* application
                                       pending)
                                       cchang@fenwick.com
                                       Ravi R. Ranganath (*pro hac vice* application
                                       pending)
                                       rranganath@fenwick.com
                                       FENWICK & WEST LLP
                                       Silicon Valley Center
                                       801 California Street
                                       Mountain View, California 94041
                                       Telephone: (650) 988-8500
                                       Facsimile: (650) 938-5200

                                       *Attorneys for Proposed Intervenor*
                                       *Amazon.com, Inc.*

21

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2014, I served the counsel listed below by filing the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Sona Rewari
Hunton & Williams
1751 Pinnacle Dr
Suite 1700
McLean, VA 22102
(703) 714-7400
srewari@hunton.com

Gregory N. Stillman
Hunton & Williams
500 E Main St
Suite 1000
Norfolk, VA 23510
(757) 640-5314
Fax: (757) 625-7720
gstillman@hunton.com
*Counsel for Straight Path IP Group, Inc.*

Elizabeth Diane Ferrill
Finnegan Henderson Farabow Garrett & Dunner LLP (DC)
901 New York Ave NW
Washington, DC 20001-4413
202-408-4445
Fax: 202-408-4400
elizabeth.ferrill@finnegan.com
*Counsel for LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc.*

Brian L. Whisler
Matthew Steven Dushek
Baker & McKenzie LLP (DC)

815 Connecticut Ave NW
Suite 1100
Washington, DC 20006
202-452-7000
brian.whisler@bakermckenzie.com
matt.dushek@bakermckenzie.com
*Counsel for VIZIO, Inc.*

Scott Lloyd Smith
Holly Beth Lance
Buchanan Ingersoll & Rooney PC (VA)
1737 King St
Suite 500
Alexandria, VA 22314-2727
703-836-6620
Fax: 703-836-2021
lloyd.smith@bipc.com
Holly.Lance@bipc.com
*Counsel for Toshiba America Information Systems, Inc. and Toshiba Corporation*

Robert A. Angle
Mary C. Zinsner
K. Nicola Harrison
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
robert.angle@troutmansanders.com
mary.zinsner@troutmansanders.com
nicola.harrison@troutmansanders.com
*Counsel for Proposed Intervenor HULU, LLC*

22

I further certify that on the 23rd day of October, 2014, I will serve the counsel listed below by hand:

Sona Rewari
Hunton & Williams
1751 Pinnacle Dr
Suite 1700
McLean, VA 22102
(703) 714-7400
srewari@hunton.com
*Counsel for Straight Path IP Group, Inc.*

Elizabeth Diane Ferrill
Finnegan Henderson Farabow Garrett &
Dunner LLP (DC)
901 New York Ave NW
Washington, DC 20001-4413
202-408-4445
Fax: 202-408-4400
elizabeth.ferrill@finnegan.com
*Counsel for LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc.*

Brian L. Whisler
Matthew Steven Dushek
Baker & McKenzie LLP (DC)
815 Connecticut Ave NW
Suite 1100
Washington, DC 20006
202-452-7000
brian.whisler@bakermckenzie.com
matt.dushek@bakermckenzie.com
*Counsel for VIZIO, Inc.*

Scott Lloyd Smith
Holly Beth Lance
Buchanan Ingersoll & Rooney PC (VA)
1737 King St
Suite 500
Alexandria, VA 22314-2727
703-836-6620
Fax: 703-836-2021
lloyd.smith@bipc.com
Holly.Lance@bipc.com
*Counsel for Toshiba America Information Systems, Inc. and Toshiba Corporation*

By: */s/ Robert A. Angle*
Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

23688001v1

3